## ROUZAN vs. ROUZAN'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF

NEW ORLEANS.

EASTERN DIS.
May, 1841.

ROUZAN
vs.
ROUZAN'S CURA-
TOR.

The testimony of two witnesses to the declarations of the deceased father that he owed his daughter (the plaintiff) $500, was received as evidence of the existing debt, although there was an attempt to discredit the testimony.

The plaintiff, Alexandrine Rouzan, alleges she loaned her father $500 in his life time, which she is entitled to receive from his estate. She prays that her claim be allowed.

The curator pleaded a general denial; and the attorney for the absent heirs required strict proof of the demand.

Two witnesses were called by the plaintiff. One of these, J. Aguilard, swore positively to the acknowledgment of the debt by the deceased; and the other declared the deceased intimated to him in conversation that he owed the money to his daughter.

Attempts were made to discredit Aguilard, by calling witnesses who declared they would not believe him.

The Judge of Probates, however, considered the testimony sufficient to establish the demand, gave judgment for the plaintiff and the curator appealed.

*Canon*, for the plaintiff.

*Preaux*, contra.

*Simon, J.* delivered the opinion of the court.

Plaintiff seeks to recover the sum of $500, which she alleges to have lent to her father in the month of June, 1835. The answer is a general denial. She had judgment in the court below, and the defendant appealed.

The only question presented in this case is one of fact. Several witnesses have been examined to prove the plaintiff's claim; the testimony of one of them named Joseph Aguilard, establishes positively that the deceased repeatedly acknowledged that he owed the plaintiff the sum of five hundred dollars; and

EASTERN DIS.
May, 1841.
WILCOX ET AL.
vs.
HUIE. this evidence is corroborated by the deposition of another witness who proves a conversation which he had with the deceased, in which he intimated his indebtednes to the plaintiff. An attempt has been made to impeach the testimony of Aguilard, and to discredit him, by showing that he ought not to be believed upon oath; but on the part of the plaintiff, several individuals have sworn that they would believe him; and after hearing all the witnesses, the judge *a quo* was of opinion that the plaintiff was entitled to judgment.

It does not appear to us that any error has been committed; the inferior judge saw the witnesses testify, had a full opportunity of judging of the degree of credibility which could be placed in their testimony, and we are not ready to say that he came to an erroneous conclusion on the facts disclosed by the evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.