No. 3156.—LUCIEN P. NORMAND v. FIELDING EDWARDS, etc.

In a suit on an open account the plea of compensation and reconvention by the defendant
admits its correctness, and the testimony of the plaintiff, given on the trial, in answer to
a question on cross-examination, can not, of itself, be so construed as to change its
character from that of an ordinary suit for debt to an action ex delicto.

APPEAL from the Seventh District Court, parish of Avoyelles.
Miller, J.   Irion & Overton, for plaintiff and appellee.   Waddill &
Barbin, for defendant and appellant.

HOWE, J.   This suit was instituted against the defendant, in his own
right and as testamentary executor of his deceased wife, to enforce the
payment of $899 65, alleged to be due by defendant on open account.
The defendant pleaded the general issue and set up a claim of $1520 80
in compensation and asked also for a judgment for that amount in
reconvention.

The court below gave judgment in favor of plaintiff for $605 46,
with interest from twenty-seventh September, 1869, and the defendant
has appealed.

The plaintiff asks that the judgment be amended in his favor by
decreeing interest from July 1, 1867.   The defendant files in this court
the plea of prescription of one year.

The plea of prescription is untenable.   It is founded on the theory
that the action is one ex delicto, and this theory is, in turn, based on
the statement by plaintiff, in his testimony, " that the defendant took
his cotton without his authorization ; that the defendant took it from
Marksville, where it was, to New Orleans and sold it for thirty-six
cents per pound," which proceeds constitute the principal item of the

account sued on. This remark of plaintiff on cross-examination does not, in itself, especially when contrasted with the pleadings and the other testimony in the case, transform the action into one *ex delicto*. The suit is upon an account; the plea in compensation admits its substantial correctness; the plea in reconvention seeks to strike a balance in favor of defendant; and the testimony quoted at most would only go to show that the defendant, at the inception of the business, was a *negotiorum gestor*, whose acts were afterwards ratified by the plaintiff, who demanded the proceeds of sale less certain outlays and expenses.

We think the plaintiff entitled to interest from July 1, 1867.

It is therefore ordered that the judgment appealed from be amended by decreeing legal interest from July 1, 1867, and that, thus amended, it be affirmed.