70 So.2d 882

### DURING v. THIBODEAUX.

### No. 41069.

Feb. 15, 1954.

Jesse S. Guillot, New Orleans, for plaintiff-appellant.

Allen J. Tillery, Arabi, for defendant-appellee.

PONDER, Justice.

In this suit the plaintiff, a tile contractor, is seeking to recover from the defendant $3,807 which the plaintiff claims is the balance due him for work performed under a verbal contract with the defendant. The defense to the suit is to the effect that the plaintiff has been paid in full for the work performed under the terms of the contract. The lower court, after hearing the case, gave judgment in favor of the defendant rejecting plaintiff's demand. The plaintiff has appealed.

The sole issue in this case is the extent of the verbal contract. The litigants concede that there was a verbal contract entered into between plaintiff and defendant wherein the plaintiff was to perform certain work but there is a dispute between them as to the consideration to be paid.

The plaintiff contends that the contract price was $9,287 while on the other hand the defendant contends that it was $5,480, the amount already paid the plaintiff.

■ The contract being in excess of $500, the proof required to establish it and its contents is governed by Article 2277, LSA–C.C., which requires it to be proved by at least one credible witness and other corroborating circumstances.

There was no one present except the plaintiff and defendant at the time the contract was entered into. Their testimony is in hopeless conflict as to the consideration to be paid. The plaintiff produced his wife as a witness to prove corroborating circumstances. Her testimony is to the effect that she saw her husband type bids or estimates of the costs required to perform the work and place them in an envelope containing plaintiff's return address but did not see plaintiff deposit them in the mail. She testified that she called upon the defendant to collect the balance due under the contract and received $980 and that the defendant told her that the rest would be paid at a later date. She testified that her husband called the defendant over the telephone and was promised by the defendant that the rest would be paid when he negotiated a loan.

It is conceded that the plaintiff has been paid the amount of $5,480. The defendant denies that he made any admission to the wife that he owed any additional amount to the plaintiff and denied receiving any estimate or having received the telephone call testified to by the plaintiff's wife.

The district judge arrived at the conclusion that the plaintiff had not sufficiently proved his demand. The plaintiff's testimony is contradicted by the defendant and the circumstances testified to by the wife are also contradicted by the defendant.

The case resolves itself upon the credibility of the witnesses. The trial judge had the opportunity to observe them when testifying and to judge the degree of credibility which could be placed in their testimony. Under such circumstances we cannot say that his findings are erroneous. Rouzan v. Rouzan's Curator, 18 La. 425; Cormier v. Douet, 219 La. 915, 54 So.2d 177, 178. In the Cormier case this Court stated:

"Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge's conclusions must be accepted, unless they are manifestly erroneous. Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridi-

an Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So. 2d 329."

For the reasons assigned, the judgment is affirmed at appellant's cost.