77 So.2d 519

Lawrence C. VATH, d/b/a City Appliances,

v.

Charles A. GAY.

No. 40886.

Jan. 10, 1955.

James J. Morrison, New Orleans (Rudolph R. Schoemann, New Orleans, of counsel), for plaintiff-appellant.

McGiehan & Bagot, New Orleans (Morris B. Phillips, New Orleans, of counsel), for defendant-appellee.

PONDER, Justice.

Lawrence C. Vath, the plaintiff, brought suit against Charles A. Gay, his employee, seeking to recover $2,996.25 alleged to have been received by the defendant employee during the course of his employment in excess of the amount of compensation due him. The defendant reconvened alleging that he is due $1,752.38 under an oral contract of employment. On trial the lower court dismissed the plaintiff's suit and dismissed the reconventional demand. The plaintiff has appealed.

The plaintiff contends that under the oral contract of employment the defendant was to receive $350 per month and 25% of the net earnings of the business. The defendant contends that he was to receive, under the contract, 10% commission of the gross sales as compensation for his services. The dispute in this case is over the terms of the contract of employment.

The contention of the plaintiff and the defendant as to the terms of the contract are in hopeless conflict. It appears that prior to the time the defendant was promoted to the position of manager, under the oral contract in dispute, that he was em-

875

ployed as a salesman by the plaintiff whereby he received 10% of the gross sales made by him.

Under the provisions of Article 2277 of the LSA–Civil Code a person is required to establish his claim by one credible witness and other circumstances for the breach of a verbal contract involving more than $500. Hannay v. New Orleans Cotton Exchange, 112 La. 998, 36 So. 831; Davilla v. Boswell, 197 La. 488, 1 So.2d 703; Holloway v. Geo. L. Squier Mfg. Co., 203 La. 611, 14 So.2d 462; During v. Thibodeaux, 224 La. 814, 70 So.2d 882.

It appears that there was no one present at the time the contract was entered into and that the plaintiff and defendant's testimony as to its terms is in conflict. It is impossible, under the testimony in this case for us to determine the exact terms of the contract. The plaintiff introduced a witness who testified that he heard the plaintiff tell the defendant that he was overdrawn and that his salary was $350 per month plus 25% of the sales. The plaintiff's bookkeeper testified that the defendant had told her, shortly after the contract was entered into, that the contract was on a 10% commission basis. The plaintiff's books show that the defendant withdrew various amounts at various times but the amounts do not reflect that they were based on a salary basis or a commission basis.

The trial judge was of the opinion that the terms of the contract were not estab-

876

lished and dismissed the plaintiff's suit and the defendant's reconventional demand. We cannot say from the evidence that he was in error in his conclusions.

For the reasons assigned, the judgment is affirmed at plaintiff-appellant's cost.