HARDY, Judge.
This suit was instituted by plaintiff, a physician who owns the A. C. Wadlington Clinic, located in the Town of Farmerville, for the collection of an account alleged to be due for medical expenses, treatment and hospital charges and expenses. Plaintiff alleged that the account represented treatment furnished V. D. Bagwell; an employee of Frank Barron, a general contractor of Farmerville. Both Barron and Bagwell were named as defendants, but an exception of no right and no cause of action, filed on behalf of defendant, Bagwell, was sustained, and plaintiff’s suit dismissed as to this defendant.
After the filing and disposition of preliminary exceptions, the defendant, Barron, answered plaintiff’s suit and, first, denied any obligation for the account sued on; second, defendant denied any obligation in excess of the limitation of $1,000 for medical expenses, as fixed in the Workman’s Compensation Law, LSA-R.S. 23:1203, and, alternatively, defendant averred that plaintiff’s charges were “exorbitant, unreasonable, unjust and excessive * * and should be reduced to a fair and reasonable basis. Pleading alternatively and in recon-vention, defendant finally asserted a balance due by plaintiff, for work and labor furnished in the construction of plaintiff’s clinic, which was specifically pleaded by way of compensation and offset against any amount awarded plaintiff on his principal demand.
After trial on the merits judgment was rendered recognizing plaintiff’s claim in the sum of $1,430.25, against which the claim of defendant, by way of compensation and offset, was allowed to the extent of $935.24, and judgment was decreed in favor of plaintiff for the difference between the above amounts, that is, the sum of $494.91, interest and costs. From this judgment both parties have perfected devolutive appeals.
The facts are undisputed that V. D. Bagwell, an employee of defendant, Barron, *450 was seriously injured while performing services in connection with his employment; that plaintiff was called to the scene of the accident to attend the injured man, who was carried to plaintiff’s clinic for treatment; that, following preliminary treatment and subsequent to thorough examination, an operation was performed on the injured man’s back by Dr. Cannon of Monroe. Bagwell was hospitalized in plaintiff’s clinic for some 34 days over three separate periods between June 14th and August 13, 1955. The account upon which plaintiff sues is made up of charges for Bagwell’s, hospital room, professional services of plaintiff and charges for laboratory and x-ray services and medicines furnished plaintiff during his hospitalization. Plaintiff sought recovery of the total sum of $1,455.25. Of this amount the sum of $25 was represented by a charge made for a cot and meals furnished Mrs. Bagwell, which item was properly disallowed by the judgment of the district court, since it is obvious that this charge did . not represent any treatment or service furnished the injured employee. The balance of the amount claimed, in the sum. of $1,430.25, .in favor of plaintiff, was recognized by judgment of the court.
Defendant claimed the total sum of $1,-385.34 by way of compensation against plaintiff. This aggregate sum was made up of some ten items representing labor performed and materials furnished by way of. “extras” in the construction of plaintiff’s clinic. Also included in the total amount claimed by defendant was an item -in the’ sum of $450 . representing services performed in “working up plans for clinip.” This amount was disallowed by the district court', and, again, we think properly so, inasmuch as the evidence fails to sustain either any obligation on the part of defendant to perform this service or any agreement or understanding with plaintiff with reference thereto.' As a consequence, the court allowed in favor of defendant, by way of compensation, the sum of $935.34.
.Reconciliation of these respective allowances in fávor of plaintiff and defendant conforms to the difference representing the amount of the judgment allowed in favor of plaintiff and against the defendant in the sum of $494.91.
The testimony discloses that in addition to the amount of plaintiff’s claim, which is herein asserted, defendant had paid to Dr. Cannon, who performed the operation on Bagwell, and his assistants, Drs. Mintz and Dickenhorst, a total of $510.
It therefore follows that defendant, because of amounts paid and the recognition of defendant’s claim in this suit, has been obligated for the payment of a total of $1,950.25, which is almost double the sum of $1,000 prescribed by the Workman’s Compensation Statute as the limit of an employer’s legal liability for medical treatment and services arising from the com-pensable injury of an employee. Upon this fact defendant predicates one of his grounds of opposition to plaintiff’s recovery. We do not think this contention is valid. While it is true that the statute prescribes a limit of $1,000 this does not preclude the voluntary assumption by an employer, or insurer, of payments of amounts in excess thereof. This identical point was conclusively disposed by the Supreme Court in O’Ferrall v. Nashville Bridge Co., 165 La. 963, 116 So. 399.
Defendant urges that he did not assume any obligation in excess of the statutory allowance. This is purely a question of fact which must have been resolved against defendant by the district judge. With such a finding we are in complete agreement. The testimony of plaintiff and Dr. Cannon is most positive to the effect that Barron obligated himself, without reservation ' or limitation, for the cost of Bagwell’s treatment and Barron, himself, admitted in his testimony that he instructed the doctor to do whatever was necessary in the treatment of his injured employee. On this point the proof in the instant case appears to be even stronger than that which was adduced in .the .O’Ferrall case, cited supra.
*451 Defendant further denies liability for the amount claimed by plaintiff on the ground that the charges represented were "exorbitant, unreasonable, unjust and excessive * * This contention must be rejected for lack of adequate proof. Reference to Black’s Law Dictionary, Fourth Edition, discloses the following definitions:
“Exorbitant. Deviating' from the normal or customary course, or going beyond the rule of established limits of right or propriety.”
“Unreasonable. Not reasonable; immoderate ; exorbitant.”
“Unjust. . Contrary to right and Justice, * * * and to the standards of conduct furnished by the laws.”
“Excessive. Greater than what is usual or proper * *
The definitions above set forth indicate the terms used as being practically synonymous. Unquestionably any right to relief must depend upon proof. The bulk of the account, as itemized by plaintiff, is made up of charges for the use of a hospital room and for professional services furnished by plaintiff. There is not the slightest evidence in the record which would justify a holding that these services were unnecessary or that the charges therefor were unreasonable. The same may be said of charges for laboratory and x-ray services. The balance of the account is comprised of charges for medications of various kinds and nature. It is earnestly argued by distinguished counsel for defendant that plaintiff’s own testimony on cross-examination discloses that the charges for much of these medicines indicates an unjustifiable margin between the cost to plaintiff and the charge to his patient. This fact is obvious, and it would appear that the margin indicates a charge, over cost, of several hundred percent, in most instances, and, perhaps, a thousand or more percent in others. On the face of such a showing we concede that such charges appear exorbitant and unreasonable to the laymam However, while our laws prohibit usury and provide penalties ■ therefor with respect to the lending -of monies, we are aware of no statutes which limit or restrict the percentage of profit in instances of this kind. Again we point out that defendant has failed to prove that these charges exceed the established and customary limits as measured by the custom of other hospitals or . clinics. The only testimony on this point is found, in the examination of Dr. Cannon, who asserted that the charges appeared to be in line with those of another sanitarium.
In the absence of more convincing proof, we can only conclude that charges' for medicines administered for the relief of pain and for the cure of bodily diseases and infirmities are matters that address ..themselves to the conscience of those who engage in srtch a business.
• The conclusion necessarily follows that the judgment in favor of the plaintiff in the sum pf $1,430.25 is correct, subject to defendant’s plea of compensation, to which we now turn our attention.
As against defendant’s plea of compensation, plaintiff filed an exception of no right and no cause of action upon the premise that defendant’s reconventional demand was improper inasmuch as the indebtedness claimed was in no way related to plaintiff’s action, as required under Article 375 of the Code óf Practice. The exception being overruled, plaintiff timely entered objections to defendant’s evidence in support of his claim, which objections were overruled. Before this court, .on appeal, counsel for -plaintiff urges error in these rulings. We do not think the denomination of defendant’s claim as a demand in reconvention is necessarily controlling under the facts of this case, for it is quite clear that the claim is one of compensation or set-off, as clearly defined in Article 366 of the Code of Practice.
Additionally, counsel contends that the defendant, by his plea of compensation, in *452 effect admits the indebtedness which is the basis of plaintiff’s action, citing Normand v. Edwards, 23 La.Ann. 142, and Moore v. Hamilton, 16 La.App. 630, 133 So. 790, 791.
While we feel that our findings of fact, as above detailed, recognizing the validity of plaintiff’s claim, renders’ a discussion of this point unnecessary, we nonetheless, think it desirable to comment briefly upon the point raised. We do not find the cases cited constitute authority for the comprehensive principle that the pleading of compensation or set-off against an indebtedness admits the correctness of the indebtedness. We think the syllabi of the cited cases are somewhat misleading. The opinion in the Normand case specifically declares :
“The suit is upon an account; the plea in compensation admits its substantial correctnéss; the plea in recon-vention seeks to restrict a balance in favor of defendant; * * *.”
Reference to the opinion in the Moore case establishes the fact that the court’s declaration
“A -plea of compensation or set-off admits the debt sued on; * *
was predicated upon the admission by defendant that he owed the amount claimed by plaintiff unless offset' by plaintiff’s indebtedness to him, which statement of fact in the opinion immediately preceded the pronouncement of the court which is above quoted."'
We think it is elementary that a bare plea of compensation or set-off, opposed to a claim of indebtedness,’ would have the effect 'of admitting the indebtedness. But it does not follow that a plea of compensation cannot be combined with a denial of an asserted indebtedness, either in whole or in part, as has been done in the instant case. We think defendant’s pleading in this respect has been appropriate for he -has, first, denied the correctness of plaintiff’s claim, and then, has asserted, by way of compensation in the event the court should find for plaintiff, his claim against plaintiff. In the final analysis the plea of compensation is little more than a legal procedure of accounting in the settlement of mutual indebtedness as between parties litigant.
Plaintiff next contends that defendant’s claim requires compliance with Article 2277 of the LSA-Civil Code relating to proof of obligations for the payment of money in excess of the sum of $500. In our opinion, this objection is untenable for several reasons; first, it is to be noted that defendant’s account consists of a number of separate items, none of which exceeds $500. As far back as 1898 the Supreme Court recognized as well established that the testimony of one witness to each item is sufficient, notwithstanding the aggregate of the indebtedness claimed exceeded $500. Berges v. Daverede, La., 23 So. 891, and cases cited therein. Second, it should be noted that defendant’s claims are based upon alleged extra work performed in connection with a construction contract, the existence of which contract was freely admitted by plaintiff, and, under this circumstance, we think the account would be removed, in any event, from the limitation of Article 2277. Finally, we think the items which were allowed by the district court were sufficiently established by proof in conformity with the requirements of the codal article.
In considering the merits of defendant’s account it is necessary that we recapitulate the facts. Something more than a year prior to the treatment of Barron’s employee, Bagwell, in the Wad-lington Clinic, Barron had completed the construction of the clinic building under a contract with the plaintiff, Dr. Wadlington. The base bid for the construction and the price agreed upon by the-parties was the sum of $31,000, which was paid in full. The building was constructed in accordance with plans and specifications, but, as is usual in such construction projects, there *453 were a number of “extras”, consisting of certain alterations or additions. These “extras” make up the account which defendant here urges by way of compensation against plaintiff’s claim.
Counsel for plaintiff appears to attach considerable significance to the fact that defendant had never presented any claim for payment based upon, the “extras” involved in the construction of the clinic until after demand was made for payment of plaintiff’s account for the treatment of his employee. We do not find this point entitled to any particular significance for it has been quite reasonably explained by the defendant. It is clear that the relations between plaintiff and defendant have heretofore been quite friendly. Plaintiff has been defendant’s family physician, and, as above shown, defendant was entrusted with the contract for the construction of plaintiff’s clinic. Defendant testified that he had never rendered any statement of account involving the “extras” because he was indebted to plaintiff for medical services rendered members of his family, and, further, that he realized there w'ould be additional indebtedness after the treatment of his employee, Bagwell. In other words, this relationship, though possibly subject to criticism as being somewhat unbusiness-like, is readily understandable, and, in our opinion, does not constitute a suspicious circumstance.
With reference to the proof of defendant’s claim, we think the evidence adequately supports all of the items embraced in the account, with the exception of the charge of $450 in connection with the preparation of plans and specifications. We think this item was an after-thought on the part of defendant and was entirely outside the contemplation of the parties to the construction contract. We note there is no serious insistence with respect to the allowance of this item. The other items are supported by the testimony of defendant, corroborated by his foreman, and, to some extent, admitted by a Mrs. Lambeth, who seems to occupy the position of business manager for plaintiff’s clinic. This witness readily admitted the indebtedness represented by some of the minor items of account and, though she denied the remainder of defendant’s claims, we think her denial was due to a lack of understanding. In any event, we are of the opinion, as above observed, that plaintiff has satisfied the burden' of proof, which conclusion quite obviously was reached by our brother of the district court.
It follows, from the reasons expressed, that we find no error in the judgment appealed from, and, accordingly, the same is affirmed. Costs of both courts are taxed equally against the parties.