AYRES, Judge.
For a term of five years, beginning September 1, 1955, plaintiff leased to defendant, D. E. Hockenjos, a two-acre tract of land, together with the improvements thereon, located adjacent to U. S. Highway 80 in or near Simsboro, Lincoln Parish, Louisiana, for a rental of $50 per month, payable monthly, with the provision that, upon lessee’s failure to pay three consecutive monthly installments thereof, the lease, at the option of the lessor, would terminate. On the leased premises, defendant, Nell Flockenjos, wife of the lessee, operates a cafe.
For the alleged non-payment of rent for and beyond the month of September, 1956, plaintiff instituted this action, praying that the aforesaid lease be canceled and, in addition, that he have judgment in his favor against the defendants for an alleged balance of accrued rent, for a sum allegedly loaned to defendants for use in renovating and/or otherwise improving the leased premises, and for an amount allegedly due on an. open account for merchandise and *354 groceries allegedly sold and delivered to defendants.
Defendants, in response to plaintiff’s demands, admitted the execution of the aforesaid lease but denied any rent was past due or that they purchased any merchandise or groceries from plaintiff or that they borrowed any money from him, thereby denying they were indebted unto plaintiff for any amount whatsoever.
The principal contention concerns the question of whose obligation it was to make the improvements to the leased premises, the expenditures for which, made by plaintiff, are sought herein to be recovered of the defendants. The issue as to the accrued rent has been eliminated by plaintiff’s remission of the amount claimed therefor. As to the alleged sale of the merchandise and groceries, the question is only one of proof of an open account.
From an adverse judgment, plaintiff has appealed.
 No reference is made in the lease as executed as to the repair or improvement of the leased premises. The record, the statement of facts by the trial court in the absence of a transcription of the evidence, and the statements of accounts for materials and labor show that the renovation of the premises and the making of the improvements were made or caused to be made by plaintiff and the bills therefor paid by him. His claim for reimbursement of the expenditures so made is predicated upon a purported loan agreement entered into between him and Mrs. Hockenjos. It is strenuously urged by plaintiff’s learned counsel that parol evidence offered on behalf of the defendants is inadmissible to establish any obligation upon plaintiff to make, or cause to be made, at his expense, the improvements and renovation of the leased premises, inasmuch as the written lease imposed no such obligation. The jurisprudence supports plaintiff’s position in this regard and it is so well established under LSA-C.C. Art. 2276 that parol evidence, in the absence of allegations and proof of fraud or error, is inadmissible to contradict, alter or vary, or add to or subtract from a written contract as to obviate the necessity of citing authorities in support of the proposition. Therefore, so far as such testimony purports to place upon plaintiff a more onerous obligation than contracted in the aforesaid lease, such evidence is amenable to this rule of evidence, and the objection thereto, at least, to the extent and purpose, if it be, of altering, contradicting or varying the written lease, should have been sustained and, for such purpose, will not be given consideration in the resolution of the issues presented here.
Had plaintiff contended under the terms of the lease that defendants were obligated for the improvements and renovation of the premises, he would have been caught, at least, on the other, if not on the same horn of the dilemma, as such exclusion of evidence would have equal application to him. Therefore, plaintiff, of necessity, relies upon a separate and distinct agreement, subsequently arrived at, towit, that several days following the execution of the lease, he and Mrs. Hockenjos, allegedly acting for and on her own behalf and as agent for her husband, entered into a verbal agreement whereby plaintiff would malee a loan to defendants for the purpose of making alterations to and otherwise improving the premises.
The parol evidence rule that plaintiff would have us invoke is inapplicable. Plaintiff had the right to offer any legal and competent evidence in support of his claims. Likewise, the same course was open to defendants in their efforts to refute plaintiff’s contention. Plaintiff required of the defendants no note or other written evidence of such contract or of the obligation allegedly incurred by defendants. Other than itemized statements of the materials and labor charged to plaintiff and his checks given in payment therefor, the parties rely entirely upon parol evidence, plaintiff in support of his claim and *355 defendants in denial thereof. The alleged obligation being in excess of $500, the ■proof to establish it is governed by LSA-C.C. Art. 2277, which requires it to be proved by at least one credible witness and other corroborating circumstances.
The testimony of the parties at interest could hardly be more in conflict. Plaintiff and his wife are positive that plaintiff did not agree to make the repairs and alterations but that plaintiff loaned the money to Mrs. Hockenjos for that purpose, of which amount $800 was to be paid in two months and the remainder in monthly installments of $42 each. According to plaintiff and his wife, this agreement was made subsequent to the execution of the written lease. To the contrary, defendants swear just as positively and deny any agreement for incurring the expense of the repairs and alterations.
The district judge in this written opinion, given in the nature of a statement of facts, carefully analyzed the testimony of each of the witnesses and carefully weighed and considered all the facts and circumstances. It was considered that these facts would tend to support plaintiff’s position — that defendants obtained an estimate of the cost of needed additions from the Lincoln Plumbing Company; first made an application for a loan for funds from the Federal Housing Administration with which to make the improvements and obtained a comparatively long-term lease — from which it may be concluded justified them in making the improvements and alterations at their expense. On the contrary, it was considered that these facts supported defendants’ position — that it was unlikely that plaintiff would make expenditures of the amount claimed and established for the improvements and alterations without requiring a note or some other written evidence of defendants’ obligation to reimburse him for such expenditures; that the improvements would have the effect of enhancing the value of plaintiff’s property; that plaintiff contracted with the Lincoln Plumbing Company for the improvements and alterations, supervised the work, paid the laborers and suppliers of materials, and, after having unsuccessfully made an application for an F. H. A. loan for funds to pay for the improvements, he borrowed the money from a local bank, secured by a mortgage on his property.
Additionally, it was shown that the lease on the property where plaintiff was operating his own store was about to expire and that he was unable to renew the lease thereon. It was, therefore, considered that after the lessee herein refused plaintiff’s request for permission to construct a store building on a portion of the lot covered in the lease, plaintiff had a motive other than that alleged for seeking the cancellation of defendants’ lease. It is also shown that prior to the institution of this suit, plaintiff made demand for a sum of approximately $500 less than the amount now claimed.
After giving consideration to all the facts and circumstances of this case, the trial judge arrived at the ultimate conclusion that plaintiff had not sufficiently proved his demands nor established his claims by a preponderance of the evidence. Under the facts and circumstances, we can not say that his conclusions are manifestly erroneous.
Here, as was stated by the Supreme Court in During v. Thibodeaux, 224 La. 814, 70 So.2d 882-883:
“The case resolves itself upon the credibility of the witnesses. The trial judge had the opportunity to observe them when testifying and to judge the degree of credibility which could be placed in their testimony. Under such circumstances we cannot say that his findings are erroneous. Rouzan v. Rouzan’s Curator, 18 La. 425; Cormier v. Douet, 219 La. 915, 54 So.2d 177, 178. In the Cormier case this Court stated:
*356 “ ‘Since tbe requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge’s conclusions must be accepted, unless they are manifestly erroneous. Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329.’ ”
See also Vath v. Gay, 226 La. 873, 77 So.2d 519.
With reference to the claim for merchandise and groceries, the trial court found the evidence just as conflicting, in which finding we concur.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
Affirmed.