JANVIER, Judge.
The plaintiff Frank P. Donahue, a geologist and petroleum engineer, seeks to recover from the defendant, Charles S. Mc-Kendrick, a balance alleged to be due for professional services said to have been rendered under several verbal contracts.
From a judgment in favor of plaintiff for $1,311.70, as prayed for defendant has appealed suspensively.
The reasons for judgment given by the District Judge meet with our full approval and we now set them forth:
“Plaintiff brought suit against Defendant for balances due plaintiff for services rendered the defendant in four separate transactions. Plaintiff claims that his services are worth one hundred and no/100 ($100.00) dollars per day. In two of the transactions, each consuming one day’s work plaintiff alleged that defendant made no payment whatsoever. In the third, plaintiff submitted a bill for two hundred seventy-five and no/100 (275.00) dollars, alleged payment in the sum of one hundred fifty and no/100 (150.00) dollars, and a balance due of one hundred twenty-five and no/100 ($125.00) dollars. In the fourth, plaintiff submitted a bill for one thousand nine hundred forty and 70/100 ($1940.70) dollars, alleged payment of nine hundred fifty-four and no/100 ($954.00) dollars, and a balance due of nine hundred eighty-six and 70/100 ($986.70) dollars.
“Defendant denied all allegations of plaintiff’s petition, but on oral examination at the trial admitted that he had hired plaintiff on several occasions to render geological reports and that he had paid him for such work at the aforesaid rate.
“Upon commencement of the trial and again in written Memorandum at its conclusion, counsel for defendant asked that plaintiff be called upon, under the provisions of Article 2277 of the Louisiana Revised Civil Code, to produce at least one credible witness to prove an oral contract with defendant. Since defendant himself on cross-examination' admitted hiring plaintiff to perform at least part of the work herein sued upon, there was compliance with the code articles.
“In support of his demand for services rendered in connection with a Conservation Department hearing on spacing in the Napoleonville Field, plaintiff produced a typewritten bill on which appeared the signature of defendant, Charles S. McKendrick, together with the words, ‘I owe etc.’
“At the trial, defendant admitted the writing and the signature to be his, and admitted this balance to be apparently due as claimed by plaintiff. Defendant offered no objection and no defense to this evidence.
“Plaintiff’s claim for services rendered in preparing an appraisal of defendant’s interest in the Church Hill Field in Mississippi was resisted by defendant on the ground that plaintiff never submitted the report. Plaintiff *374 contends that he worked on the report for a period of eighteen and a half (18%) days, and had it ready for the defendant, but that the latter would not accept it. Both defendant and his bookkeeper, whom he called as a witness, admitted hiring plaintiff to do the work sued upon, both testifying that plaintiff actually worked on the report, both denying that the report was ever completed. Defendant further contended that no price was agreed upon for the work.
“In view of defendant’s written and oral admissions of the balance due plaintiff under the Napoleonville job, the fact that defendant had previqusly paid plaintiff for services rendered at the rate of one hundred and no/100 ($100.00) dollars per day, and the testimony of defendant and his own witness admitting that defendant hired plaintiff to prepare a report on the Church Hill Field, and that plaintiff actually worked on the report, the Court feels that plaintiff sustained the burden of proof and has rendered judgment accordingly.”
We have but little to add to these reasons. We note that appellant contends that, as a matter of law, plaintiff should not be permitted to recover for the reason that since the suit is based on verbal contracts and more than $500 is claimed, the proof required by Article 2277 of our LSA-Civil Code was the testimony of “at least * * * one credible witness, and other corroborative circumstances.”
Here the defendant admits that he entered into the several contracts, and his contention is not that he did not make the contracts, but that the amounts claimed thereunder are improper. He especially asserts that the principal contract contemplated a total price of $500, whereas on the contract plaintiff claims more than $1,800.
In a similar situation in which the defendant admitted that he had entered into the contract, the Court of Appeal for the Second Circuit, in Wadlington v. Barron, 91 So.2d 448, 452, said:
“ * * * it should be noted that defendant’s claims are based upon alleged extra work performed in connection with a construction contract, the existence of which contract was freely admitted by plaintiff, and, under this circumstance, we think the account would be removed, in any event, from the limitation of Article 2277.”
In Cormier v. Douet, 219 La. 915, 54 So.2d 177, the Supreme Court held that the requirement of one credible witness is met where the plaintiff himself is a credible witness and offers corroborative circumstances.
In Morris v. Pratt, 114 La. 98, 38 So. 70, 71, the Supreme Court said:
“The defense rests upon the theory that the testimony of one witness must be completely corroborated upon every point, whilst the law requires, as we read it, a general corroboration, not a special and minute corroboration as to every item of an account or list.”
See, also During v. Thibodeaux, 224 La. 814, 70 So.2d 882.
On the question of fact, that is, whether the principal contract contemplated a total price of $500, we find the evidence of defendant interesting. He admits that the plaintiff was an expert petroleum engineer and geologist, and that he had employed him many times at $100 a day, and that he knew that the services contemplated by this particular contract would ordinarily contemplate a price of $1,500, but that on this occasion plaintiff needed money and agreed to do the work for $500. When asked what such work usually costs, said: “It runs about $100 a day.”
Mrs. Alberta Young, an expert placed on the stand by plaintiff, said that $100 a day was the minimum charge made for such work and that she would not have done this work for $150 a day.
*375 The principal question is one of fact and surely under all these circumstances, it cannot be said that the District Court was manifestly in error in determining the facts.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.