CHASEZ, Judge.
This is a suit by A. Ray Tolar, d/b/a Tolar Plumbing & Heating against K & G Contractors, a partnership, and its individual partners, Harry Katz and Abraham Goldfarb, to recover the sum of $315.00, representing labor and materials furnished by Tolar in the installation of plumbing in the I. J. Wactor residence under construction in Belle Chasse, Louisiana.
Defendants answered the plaintiff’s demand with a denial that the alleged labor and materials had been furnished, but alternatively alleged that if they were furnished it was at the request of the property owner Wactor and not themselves. The defendants included in their answer a third party demand against Wactor for any *203 amount the defendant might be cast on plaintiff’s demand. Additionally the defendants filed an exception of no cause of action to plaintiff’s petition.
The third party defendant Wactor, filed an answer to the third-party petition in which he averred the pendency of a suit between him and the original defendants in the Twenty Fifth Judicial District Court of the Parish of Plaquemines. He also filed an exception of lis pendens based on the Plaquemines Parish suit.
The case then came to trial in this posture. The trial court maintained the exception of lis pendens and dismissed the third-party demand filed by the original defendants. He then proceeded to hear the merits of the case. At the conclusion of the presention of plaintiff’s evidence the defendants, without presenting any evidence of their own, reurged the exception of no cause of action. At this point the trial judge maintained the exception of no cause of action and dismissed plaintiff’s suit at his cost. The trial judge included in his decree the judgment dismissing the third party action against the property owner Wactor, based on the exception of lis pen-dens.
Plaintiff then appealed from this judgment; defendants chose not to appeal the decision releasing the third party defendant from the suit, but by answer to plaintiff’s appeal attempted to seek a reversal of that part of the judgment.
In our decision on that appeal we reversed the judgment maintaining the no cause of action exception and remanded the case to allow defendants to introduce their evidence in defense of plaintiff’s proof. We did not consider the defendants’ answer to the appeal related to the judgment dismissing their third party demand. We found that this part of the judgment had become final as the answer had not been timely filed. (See 214 So.2d 176, La.App. 4 Cir. 1968).
In deciding that the trial judge was in error in dismissing plaintiff’s suit we made the following statements concerning the evidence plaintiff presented:
“The evidence offered by plaintiff consisted of his testimony, the testimony of Delton J. Lejeune, a plumbing inspector for the Parish of Plaquemines, and the latter’s report of his plumbing inspection of the Wactor residence.
“Plaintiff testified as follows: A Mr. Lincoln of K & G Contractors telephoned him and inquired if he would like to submit a bid on the plumbing work. Upon plaintiff replying that he would, he was asked to meet with Lincoln and a Mr. Welsh another K & G employee. He met those two men at the site of the Wactor construction and they showed him a sketch or floor plan which plaintiff took with him. The work to be done consisted only of the underground portion of the plumbing, installing waste lines for toilets, sinks and lavatories. That night plaintiff informed Lincoln he would do the work for $265. At Lincoln’s request he agreed to begin work the next day. At the Wactor residence the following day plaintiff discovered the cost of his work would be increased by $50 because of some copper tubing which had to be installed under the slab. He spoke by telephone with a Mr. King, also an employee of K & G Contractors, who approved the additional work and cost. Plaintiff performed the work and was never paid despite repeated demands.
Lejeune, the plumbing inspector, testified the underground plumbing had been installed satisfactorily and that the general contractor on the Wactor job, as was also shown on his report, was K & G Contractors.”
We then went on to conclude:
“ * * * In our view once the plaintiff has presented a prima facie case, and we are satisfied he has done so in this instance, it becomes incumbent upon the defendants to rebut plaintiff’s evidence if they can. * * *
*204 “Accordingly, we must annul and set aside the judgment maintaining the exceptions of no right or cause of action and remand the case for the purpose of completing the trial on the merits and of giving the defendants an opportunity to defend.”
Subsequent to our remand the defendants filed a supplemental answer and third party petition in which they alleged in substance that they at no time contracted with or employed the services of the plaintiff. They admitted that their employee did request plaintiff to do the plumbing work, however they alleged that this employee had no authority whatsoever to bind them in this matter or any other matter.
In the third party petition they again prayed that should there be judgment against them on the original demand, they in turn should have judgment against the third party defendant, Mr. I. J. Wactor.
The third party defendants filed an exception of res judicata and reurged the exception of lis pendens to this third party petition.
The case was then tried on its merits. At the trial the defendant Abraham Goldfarb testified on his own behalf. He stated that Lincoln, King and Welsh were in his employ and that Lincoln was the foreman on the job in question. He denied that Lincoln had been granted the specific authority to subcontract with the plaintiff regarding the plumbing work. He stated that Lincoln only had the authority to fulfill the construction work outlined in the contract between the defendants and the landowner, Wactor. He introduced the contract in question to prove that the defendants had not agreed with Wactor to be responsible for supplying the plumbing involved in this suit.
Mrs. Tolar, the wife of plaintiff, testified in rebuttal to defendant’s evidence. She stated that she did the clerical work for her husband’s business. She said she sent the bill for the Wactor job to the defendant K & G Contractor. She stated that her husband did another similar job for K & G Contractors about the same time, after being solicited for it by Mr. Lincoln, and that K & G had paid the plaintiff for this other job.
After hearing the evidence the trial judge rendered a decision in favor of plaintiff in the full amount of his demand. Further he ordered that the exception of res judicata filed by I. J. Wactor to the third party demand be maintained, and dismissed the third party defendant from the suit. The defendant now appeals from the entire judgment.
We will turn first to the exception of res judicata maintained by the trial court. In our previous opinion we noted that the defendants had not appealed from the judgment which maintained the third party defendants exception of lis pendens, and had failed to timely answer the plaintiff’s appeal. We concluded therefore that the answer could not be considered.
Once the delays for taking an appeal, and for answering plaintiff’s appeal lapsed, that part of the judgment dismissing the third party defendant from the suit became final. Hence we find the trial judge on remand properly refused to allow the defendant to reintroduce the third party defendant into the suit, absent a showing by the defendants that the basis for the original exception of lis pendens, that is the pendency of a suit between them in another parish, was no longer existent.
Procedurally it might not have been technically correct to call this res judicata, for it simply was a matter of that issue becoming final in this suit. In any event the judgment was correct in dismissing the third party defendant from this action, and we will not now disturb it.
Next we turn to the judgment on the merits of the original demand. We find there is sufficient evidence in the record to support the judgment for plaintiff.
The defendants admit that their employees Lincoln and Welsh did engage the *205 plaintiff to do the plumbing work. However the defendants deny that their employees had the authority to bind the partnership. We are not impressed with this contention. Lincoln, the foreman on the job in question engaged plaintiff to do similar work on another job, and the defendants paid the plaintiff for this work when billed. The defendants failed to call either Lincoln or Welsh to substantiate the testimony of the defendant Goldfarb, examined above that they had not been given the authority to act for the partnership in the manner in which they did. Goldfarb admitted that Welsh was affiliated with the defendants even at the time of trial. We can only assume that his testimony would have been unfavorable to the defendants. It was encumbent upon the defendants to rebut the prima facie case which we recognized in our earlier opinion had been established by plaintiff on the first trial of this matter. We find that the testimony of the defendant Goldfarb was not convincing for this purpose.
We are also not impressed with the contract introduced by defendants in support of their position. In the first place the contract is at best vague and ambiguous as to the plumbing work defendants agreed to supply the landowner Wactor. Second, and most important, this contract was between defendants and the landowner, the plaintiff not being a party to it, hence the plaintiff’s rights under his oral agreement with the defendants can in no way be affected by this instrument.
For the reasons hereinabove stated the decision of the trial court is affirmed in all respects; defendants-appellants to bear all the costs of this appeal.
Affirmed.