JULIAN E. BAILES, Judge Pro Tem.
Plaintiff sued defendant on an oral contract to collect $533.18 allegedly due for masonry sand and fill dirt delivered to defendant. The trial court awarded judgment in favor of plaintiff for the sum of $512.00. Defendant appealed. This court affirms.
In the latter portion of 1972, defendant-appellant Guy Belello constructed a residence in East Baton Rouge Parish, Louisiana. Plaintiff-appellee W. M. King was hired to haul fill dirt for the foundation and also masonry sand. King was paid by Belello for the foundation fill, and apparently also was paid for the bulk of the masonry sand; no dispute exists in relation to this aspect of the dealings between the parties.
However, King filed suit against Belello, contending that he had not been paid for the last five cubic yards of masonry sand and for some 288 cubic yards of fill he claimed had been delivered to build up Be-lello’s driveway and yard.
Both parties agreed that there was a supplemental oral contract for the hauling of some fill other than for the residence foundation, but the terms and conditions thereof and the extent of performance thereunder were seriously contested.
The trial court found that King had delivered a total of 293 cubic yards of sand and fill to Belello for which he had not been paid, and awarded King judgment for $512.00, with interest and costs.
*515 On this appeal, Belello assigns three errors: (1) that King’s testimony on an oral contract for over $500.00 was not adequately corroborated within the meaning of LSA-C.C. Art. 2277; (2) that a plaintiff has not made out his case where there is no corroboration of his testimony, where the defendant whose credibility has not been attacked directly contradicts the plaintiff; and (3) that where the plaintiff fails- to prove the quantity of work performed under an oral contract, the court must accept the defendant’s version of the amount of work performed.
LSA-C.C. Art. 2277 provides, in part, that all contracts for the payment of money “above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” The law is settled, and such is conceded in brief by defendant-appellant, that the “one credible witness” may be the claimant himself. See King v. Jarvis, La. App., 144 So.2d 616. The trial court, in its reasons for judgment, obviously accepted the plaintiff’s credibility, commenting that “(t)he Court believes the plaintiff’s testimony.” In the absence of manifest error in its findings, such a determination by the trial court should not be disturbed on appeal. See: During v. Thibodeaux, 224 La. 814, 70 So.2d 882. We do not find manifest error in the acceptance by the trial court of the plaintiff’s credibility and his version of the oral contract.
Having thus accepted the existence and terms of the oral contract as found by the trial judge, defendant-appellant’s first two assignments of error require us to determine whether sufficient circumstances were present to adequately corroborate plaintiff-appellee’s testimony, within the meaning of LSA-C.C. Art. 2277. We hold that such circumstances were proved, and therefore rule that these first two assignments of error are without merit.
In Morris v. Pratt, 114 La. 98, 38 So. 70, the Supreme Court pointed out that “the law requires, as we read it, a general corroboration, not a special and minute corroboration as to every item of an account or list.” We view as “other corroborating circumstances” supporting King’s testimony the following:
(1) The admission by Belello that there was a subsequent oral contract for the hauling of fill dirt, even though the parties differ in their versions of the quantity to be hauled and the purpose thereof;
(2) That there was substantial agreement between the testimony of the two parties as to the price per cubic yard to be paid for the dirt;
(3) The testimony of Willard Price, a workman on the Belello project, who testified as follows:
“Q. Tell me what to your knowledge you know that Mr. King had to do with this construction project with Mr. Belello?
“A. Well, he hauled all the fill dirt for the foundation and he hauled the fill for the driveway.
“Q. Did you observe the actual delivery of some or all of this dirt ?
“A. Yes, sir, I was there.”
Having determined that sufficient corroboration existed in order to substantiate the plaintiff-appellee’s testimony, and having found no manifest error on the part of the trial court in accepting the latter’s version of the contract, we do not deem it necessary to comment on defendant-appellant’s contention that his credibility was not directly attacked.
Defendant-appellant’s last assignment of error contends that the case of Josey v. Howard Lumber & Supply Co., Inc., La. App., 232 So.2d 119, establishes a principle that where the
“[5] * * * plaintiff failed to prove that the contract between the parties called for the quantity of dirt he delivered, we must accept the quantity estimated as required for the work to be *516 performed in the manner contended by-defendants.”
We feel the quoted language urged by the defendant-appellant has been argued somewhat out of context, as we read the Josey case to involve primarily a failure on the part of the claimant to prove the existence of the contract under which the product was hauled. Here, we have already determined that the plaintiff-appellee proved his contract, both by his own testimony, and the corroborating circumstances outlined above; thus we feel the Josey case is not pertinent to the issues before this court.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.