PER CURIAM:
The defendant has appealed from an adverse judgment in plaintiff’s favor for the balance due under an oral agreement and for some extra work the latter did on a house that was being constructed by the defendant.
The trial judge has succinctly set forth the case and his findings in written reasons for judgment, which we approve and quote in part as follows:
“The plaintiff, WALLACE LITTLE, is a mason. In October of 1983 he entered into some form of oral contract with the defendant, WAYNE MCMURRAY[1] to perform certain work at a house in La-Salle Parish, Louisiana, belonging to WAYNE MCMURRAY and at that time, under construction.
“LITTLE testified that he agreed to perform veneer work on the house at the price of $5.00 per square foot and to rough in a fire place for $2,000.00. This oral contract was negotiated in the front of the house site one afternoon after LITTLE had had an opportunity to visually inspect the exterior of the house.
“Under the terms of the oral contract, LITTLE’s obligation was to perform the labor for laying the veneer and MCMUR-RAY was to supply all material necessary thereto. Upon beginning work, LITTLE discovered that the walls of the house were very crooked, thereby acquiring additional labor to complete the task. He was paid $53,300.00 in connection with the work performed, but claims an additionally [sic] $13,860.00 for unanticipated labor because of bowed walls on the exterior house. In addition, he requests the recovery of an additional $5,000.00 in other work and repairs performed.
“As evidence of the indebtedness, plaintiff filed a bill for $13,680.00 designated as Exhibit-1 and an itemized list totaling $14,020.00 designated as Exhibit-2.
“In relation to the extra work claimed on the bowed walls, the Court finds that there is not sufficient evidence of record to grant judgment in favor of plaintiff. The problem arises that plaintiff had an opportunity to review the scene and determine whether or not there existed special defects which might cause an adjustment of the price. It would seem to the Court that a bow of up to seven and one-half (7V2) inches in a wall would be visible to an experienced mason. Further, other than the actual labor time involved, there was no additional expense to plaintiff. The contract was for the laying of the veneer at the rate of $5.00 per square foot without regard to time or amount of material involved. Unfortu *1107 nately, WALLACE made an unprofitable business deal. There is no evidence that he was mislead by MCMURRAY and the cost of his miscalculation must be born by him rather than MCMURRAY.
“In relation to the expenses associated with Plaintiff’s Exhibit-2, the Court must accept those figures as being an accurate value. No evidence was presented by MCMURRAY to contradict the actual cost associated with these charges and further, no evidence was presented to contradict plaintiffs assertion that these charges were over and above the contract price. Part of that alleged by Exhibit-2 is the fireplace cost of $2,000.00 and, the record is void of any assertion on behalf of the defendant this contract cost was paid by the prior $53,300.00 payment. Nor is there any denial that this work was done. However, in reviewing plaintiffs Exhibit-2, other than the fireplace, the only items which do not appear to be directly involved with the laying of the veneer are that of the arches ($800.00), and the electrical boxes ($275.00). This, in addition to the $2,000.00 owed for the fireplace constitutes a total recovery of $4,465.00 to the plaintiff.”
Appellant’s only assignment of error is the trial court’s finding that the plaintiff sustained his burden of proof in establishing that he was owed any sum over and above the amount he had already been paid.
The defendant did not take the stand or offer other evidence. Instead, he rested after plaintiff had testified as to their agreement and the amounts he claimed he had not been paid which he had listed on two exhibits prepared by him. The only other evidence presented was a stipulation by counsel that the plaintiff was paid at varying dates the sum of $53,300.00 in connection with his work at the defendant’s residence.
It is fundamental that the plaintiff bears the burden of proving his case. However, it is equally well settled that after the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the evidence offered by plaintiff or establish a defense. Fussell v. Louisiana Bus. College of Monroe, 478 So.2d 652 (La.App. 2 Cir.1985).
Generally, uncontradicted testimony must be accepted as true in the absence of the showing of falsity or unreliability. Tolar v. K & G Contractors, 214 So.2d 176 (La.App. 4 Cir.1968), appeal after remand, 224 So.2d 202 (La.App. 4 Cir.1969), writ denied, 227 So.2d 373 (La.1969); Johnson v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984).
Although the trial judge disallowed several of the items which plaintiff claimed, he did so upon finding that such work should have been covered by the oral contract and the previous payments paid, not that he disbelieved or questioned the plaintiff’s un-controverted testimony. From our review of the record, we find that his judgment is fully supported by such testimony.
We also conclude that the plaintiff has proved his case by the testimony of one witness and other corroborating circumstances as required by LSA-C.C. art. 1846. Such corroborating circumstances may be general and need not support or prove every detail of the plaintiff’s case. B.M. Albrecht Elec., Inc. v. Griffin, 413 So.2d 246 (La.App. 4 Cir.1982), writ denied, 414 So.2d 1252 (La.1982). In Donahue v. McKendrick, 111 So.2d 372 (La.App. Orleans, 1959), the court held that the admitted hiring by the defendant of the plaintiff to perform at least part of the work' sufficiently corroborated the latter’s testimony and satisfied codal article 2277 (now article 1846). In the opinion it cited and quoted the following from Wadlington v. Barron, 91 So.2d 448 (La.App. 2 Cir.1956):
“... it should be noted that defendant’s claims are based upon alleged extra work performed in connection, with a construction contract, the existence of which contract was freely admitted by plaintiff, and under this circumstance, we think the account would be removed, in any event, from the limitation of Article 2277.”
*1108 As above stated, in the present case it was stipulated that the defendant hired the plaintiff and was paid $53,300.00 for work he performed on the defendant’s house.
We therefore conclude that the judgment appealed from was sufficiently supported by the evidence presented by the plaintiff, who bore the burden of proving his case. Accordingly, the judgment of the trial court is affirmed, at appellant’s costs.
AFFIRMED.

. Defendant’s name is incorrectly spelled as "McMurray” throughout the trial court’s reasons for judgment.