22 So.2d 404

**BARNES v. LE BLANC.**

No. 37586.

April 30, 1945.

F. Carter Johnson, Jr., of New Orleans, for defendant-appellant.

John D. Nix, Jr., of New Orleans, for plaintiff-appellee.

O'NIELL, Chief Justice.

This is a suit for divorce on the ground that the plaintiff and defendant have lived separate and apart for more than two years. The defendant admitted in her answer that, except for one instance during one night, she and her husband had remained separate and apart continuously for a period exceeding two years. She averred that on the one occasion, on the night of December 12, 1942, which was more than a year after she and her husband had separated, and a year before he filed this suit, he called at her place of residence and renewed his relations with her as her husband, occupying the same bed, until the next morning. On the trial of the case she testified to these facts. But she made the mistake of saying and insisting that the night on which he visited and slept with her was a Tuesday night. According to the calendar, December 12, 1942, was a Saturday. Her statement that her husband occupied the same bedroom with her during one night in December 1942, was corroborated by the testimony of a woman occupying the room adjoining the defendant's bedroom. The witness was the lessee of the house, which contained only two bedrooms. She occupied the rear room and the defendant rented from her and occupied the front room. The witness testified that she did not know the exact day of the month on which the husband visited his wife in the adjoining

room but that she did know that it was a Tuesday night in December. There was no other testimony to support the defense that the continuity of the living separate and apart of the husband and wife was broken by a visit by him on the one night in December 1942.

The plaintiff, who is in the Armed Forces and who gave his testimony in the form of depositions, before a notary public in Cook County, Illinois; denied emphatically that he had visited his wife at any time in December 1942, or at any other time during the period exceeding two years immediately preceding the filing of this suit. He proved an alibi by the testimony of two witnesses, each one being the wife of one of his two brothers, residing in New Orleans. The two women testified that the plaintiff occupied a room in the residence of one of his brothers, who was the husband of one of the witnesses, and that the plaintiff was at home during all of Saturday night, December 12, 1942.

 Without reflecting upon the veracity of the defendant or of her witness in this case, we see no reason for taking issue with the judge upon his conclusion that the preponderance of the evidence was in favor of the plaintiff. On questions of fact—and particularly on questions depending upon the credibility of the witnesses who testified before the trial judge—his findings are entitled to great weight. There is nothing in the record in this case that would warrant our disagreeing with the judge in his conclusion on the question of fact, whether the plaintiff did or did not visit his wife on the one occasion testified

to by her—which is the only question on which the judge's decision ultimately depended.

The judgment is affirmed.

HIGGINS, J., takes no part.