**54 So.2d 177**

**CORMIER v. DOUET et al.**
No. 39699.

June 29, 1951.

Dugas, Bean & Bertrand, James W. Bean, Lafayette, Emile J. Duchamp, St. Martinville, for defendants-appellants.

Guidry & Willis, E. L. Guidry, St. Martinville, for plaintiff-appellee.

MOISE, Justice.

This is an appeal from a judgment in favor of plaintiff in the sum of $4,600, with costs. The plaintiff has answered the appeal, praying that the judgment as rendered be amended so as to include legal interest from October 5, 1948, until paid, and, as amended, it be affirmed.

Plaintiff, a bachelor of 68 years, after the death of his mother in March, 1948, discontinued housekeeping and sold his farm in the Parish of St. Martin. After paying some outstanding indebtedness, he deposited the remaining proceeds from the sale in the Guaranty Bank & Trust Company in Lafayette, La. He first resided with some extenants of his, and then, in July 1948, moved into the home of the Huvals. On October 1, 1948, he withdrew from the Guaranty Bank & Trust Company in Lafayette, La., his deposited funds, amounting to $4,650. He testified that he intended to use this money to buy a lot of ground in St. Martinville and construct thereon a small home. Edward Huval, one of the defendants, admitted going to the Bank with plaintiff. After making the withdrawal from the Bank, plaintiff and Edward Huval returned to the home of defendants around the noon hour. Plaintiff claims that Mrs. Huval offered to keep the cash

with certain trinkets and silverware which she was also keeping for him, and he agreed. On October 5, 1948, four days later, he asked Mrs. Huval to return all his belongings and after attempting to dissuade him not to take them, she refused to return the money and other personal property which he had deposited with her. Plaintiff then appealed to Edward Huval, who denied knowledge of the entire affair. (Plaintiff, however, subsequently recovered his jewelry and silverware.) Defendant refused to return his money and plaintiff removed himself from their home. He called in aid the Sheriff and after obtaining no results, he filed these proceedings.

The defense urged is a general denial.

After a trial by jury (which was requested by defendants), a "Verdict in favor of Plaintiff" was returned. Defendants thereafter filed a motion for a new trial, which was denied. Thereafter, the district judge rendered judgment against the defendants, in solido. Mrs. Antoinette Douet Huval, one of the defendants, died during the pendency of the appeal in this Court, and her heirs, four minor children, were made parties to this action through a curator.

The issue as shown from the pleadings and argument is—whether the proof submitted meets the exaction of Article 2277 of the Revised Civil Code as to the requirement of proof—"* * * the * * * evidence * * * by one credible wit-

ness, and other corroborative circumstances."

■ Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge's conclusions must be accepted, unless they are manifestly erroneous. Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329.

In his written reasons on the motion for a new trial, the district judge's findings are most persuasive: "Plaintiff was an impressive witness. He impressed the Court, and it is evident that he likewise impressed the jury, of the truthfulness of his testimony. He answered the questions propounded him fully and direct. In order to disbelieve him, we must brand him as a diabolic schemer, intent upon mulcting the defendant through a plot as larcenous as was ever conceived. This could not be for the reasons that he impressed the court as being a substantial and reliable citizen, and anything but such a schemer, and if his claim had been fictitious, his testimony would not have remained so coherent under the rigid cross examination to which defendants' counsel exposed him. His testimony must be considered as a whole. His attitude, demeanor on the witness stand, his age and general character must all be considered in evaluating his testimony. When all of these are favorable, their weight cannot be overbalanced because it is shown that at one time he said something in conversation, not concerning the points at issue, that he denies having said while he is on the witness stand." Here, the court sets out the mental observations during the hearing.

■ We now quote the court's conclusions as to the corroborative circumstances as applied to the law: "The circumstances of having gone to the bank, withdrawing his money, and immediately returning home with one of the defendants; his having called upon the Sheriff immediately after he says defendants refused to return his money; his having put forth some effort to buy a lot and build a home thereon, and his having left the defendants' home and employed counsel for the recovery of his money, constitute the necessary 'corroborative circumstances' required by the Article 2277 of the Revised Civil Code."

The judgment is in accordance with the law and the evidence; however, it should be amended so as to provide for legal interest on the amount awarded, and, accordingly,

The judgment appealed from is amended so as to provide legal interest on the award of $4,600, from October 5, 1948, until paid, and, as thus amended, the judgment is affirmed.