REGAN, Judge.
Plaintiff, Geraldine Freibert, instituted this suit on November 18, 1957, against her brother, the defendant, Ralph C. Freibert, *301 Sr., endeavoring to recover the sum of $675, representing the balance due on a loan of $800 made to the defendant in the month of January 1946 and asserted that on December 24, 1954, the defendant acknowledged the existence of the debt and promised to repay it from proceeds of a homestead loan that he was then negotiating.
Defendant pleaded the exceptions of prescription of three years and no right or cause of action. The plea of prescription was referred to the merits, and the exceptions of no cause or right of action were maintained. Plaintiff was granted 10 days in which to amend[1] her petition.
Defendant then answered in the form of a general denial.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals the testimony of only the plaintiff, the defendant, and his wife.
The plaintiff related that she made a loan of $800 to the defendant in the month of January 1946 to enable him to purchase pin ball machines in order to establish such a business. The money which she planned to loan to the defendant was invested in bonds, and Edmond Burke accompanied her to the Poydras Street branch of the Whitney National Bank and introduced her to the “president” thereof in order to facilitate cashing of the bonds. The proceeds thereof were given to her brother as a loan, and no written evidence[2] thereof was obtained from him. She stated that shortly after the inception of the loan and through the years she demanded payment from the ■defendant and that each time he acknowledged the debt and promised to repay it.
She asserted that on December 24, 1954, the defendant again reiterated his promise to pay the debt and informed her that he was endeavoring to negotiate a homestead loan the proceeds of which would be used to repay ■ this indebtedness. Plaintiff then mailed a note to the defendant in April of 1957 for him to sign, but instead of executing it he sent her a payment on account in the amount of $25, and thereafter four similar monthly payments were received by her.
The defendant in the course of his laborious testimony denied that plaintiff loaned him any money and in explanation thereof related that the plaintiff, Edmond Burke, and himself entered into a business transaction in 1946 and that he received from plaintiff and Burke the sum of $900 which was to be used by defendant to establish a pin ball machine business. The profits, if any, emanating therefrom were to be divided in three parts; and the defendant, whose trade was that of a mechanic, was to do the work in connection therewith.
Defendant admitted receiving the promissory note from his sister in the year of 1956, but asserted that he destroyed it rather than execute it since he did not owe his sister any money. He stated that in July 1957, he learned from his wife that plaintiff had informed her that he owed plaintiff $800 and that his wife in relying thereon and without the knowledge of the defendant made three payments of $25 to the plaintiff but that when defendant became aware thereof he only permitted his wife to make two more simply as a donation to the plaintiff. He conceded that his sister, the plaintiff herein, probably earns more money than he does.
The defendant’s wife testified that plaintiff informed her on several occasions that *302 she had made a loan to him and therefore believed that her husband actually owed plaintiff the sum of $800. She then of her own volition sent five monthly payments of $25 each to the plaintiff. She insisted, although with some trepidation, that she knew nothing of the business transaction and only learned after all of the payments had been mailed to plaintiff that her husband did not owe his sister anything, at which time her husband instructed her to discontinue these payments. She said that these payments were made out of her house budget of $280 per month.
The defendant contends that even if the plaintiff did make a loan to the defendant in January 1946, it became prescribed in January 1949 [3] and that thereafter the defendant never acknowledged the debt and promised to pay it, and this was the only manner in which the prescription which had already accrued in favor of defendant could have been nullified.
Plaintiff on the other hand contends that from the time that the loan was made to the plaintiff until shortly before suit was filed, he continuously acknowledged the indebtedness and always promised to liquidate it.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously believed the plaintiff and disregarded the incredible testimony of defendant and his wife and therefore concluded that the defendant had continuously acknowledged the existence of the debt and always promised to liquidate it.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the transaction. Suffice it to say that the whole tenor of the testimony of the defendant and his wife taxed our credulity. The trial judge accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence abundantly preponderates in her favor, and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Amended petition filed January S, 1958.

. Art. 2277, LSA-Civil Oode of 1870, provides that: “All agreements relative to movable property, and all contracts for the payment of money * * * above five hundred dollars in value, must be proved at least by one credible witness, and other corroborative circumstances.” The record conclusively establishes, as the trial court found, the credibility of plaintiff’s testimony and the “corroborating circumstances” relating to the validity of the loan. Cormier v. Douet, 1951, 219 La. 915, 54 So.2d 177.

. Arts. 3520, 3528, 3530, LSA-Civil Code of 1870.