LANDRY, Justice.
Defendant, Sidney B. Bennett has taken this appeal from the judgment of the lower court condemning him to pay plaintiff R. C. Pino D/B/A Gulf Electric Company, the sum of $1,788.02, due on a verbal contract to perform certain electrical work on a building owned by appellant and the installation therein of certain equipment owned by a corporation in which defendant was a stockholder.
The sole and only defense tendered is that the contract for the performance of the work being verbal, plaintiff has failed to meet the burden incumbent upon him pursuant to the provisions of Article 2277, LSA-C.C., which require that verbal contracts for payment of sums in excess of $500 shall he proved by at least one credible witness and other corroborating circumstances.
In or about January, 1958, defendant commenced construction of a building designed and intended to accommodate an ice skating rink to be opened in the City of Baton Rouge. Defendant was the owner of the property upon which the building was being constructed and in addition thereto was interested in a corporation which was in the process of being formed to lease and operate the premises as an ice skating rink upon completion of the building.
Defendant did not contract the project but supervised the work himself employing such labor as he needed as the building progressed. In or about July, 1958, defendant contacted plaintiff (an electrical wholesaler and contractor), showed plaintiff the plans and specifications for the building and discussed the terms of a verbal contract for performance of all electrical work called for on the plans and specifications as well as the wiring of certain motors and equipment to be installed either during or subsequent to construction of the building.
It is undisputed that two separate contracts were contemplated and agreed upon, namely, installation in the building of all electrical work shown on the plans and specifications therefor which work was to be performed for an agreed price and secondly, wiring of the motors and equipment to be placed therein to convert the building into an ice skating rink which latter work was to be performed on a time and material basis inasmuch as exact placement of the equipment in the building was not then decided and would be determined as work progressed.
The dispute concerns responsibility for the admittedly separate contracts. Both plaintiff and defendant admit and concede the work on the building was to be the sole responsibility of defendant whereas plaintiff maintains defendant assumed personal liability for wiring the machinery, equipment and motors and defendant contends responsibility for this item rests upon Ice Gardens, Inc., the corporation to which defendant leased the premises.
The evidence introduced upon trial of this cause consisted of the testimony of *462 plaintiff and defendant and certain invoices from plaintiff to defendant which were offered in evidence on behalf of defendant herein. The learned trial judge in written reasons for judgment found that defendant had in fact contacted plaintiff and contracted for the performance of the work contemplated in both contracts. He further found that defendant failed to establish he had in fact informed plaintiff the work on the motors and equipment was to be paid for by the corporation and that if defendant was in this regard acting as a representative of the corporation it was incumbent upon defendant to make this clearly and unmistakably known to plaintiff.
The defense herein being predicated solely upon the provisions of Article 2277, LSA-C.C. we desire to approach the problem keeping in mind the following language appearing in Cormier v. Douet, et al., 219 La. 915, 54 So.2d 177, 178, which we deem peculiarly appropos to the case at bar:
“Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record and since the evidence is correlated with the credibility of the witnesses, the district judge’s' conclusions must be accepted, unless they are manifestly erroneous. Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329.”
Plaintiff testified that in June or July, 1958, defendant (with whom plaintiff had had previous satisfactory dealings) called upon plaintiff, displayed plans and specifications for a building to be used as an ice skating rink and requested plaintiff to make a bid for installation of all electrical work indicated thereon. After examination of the plans and specifications a price was agreed upon for the work to be done on the building. On this same occasion defendant informed plaintiff that certain motors, machinery and equipment would have to be installed in the building but there were no plans and specifications for this phase of the work as location of the equipment would have to be determined as work progressed. Because location of the equipment was undecided and uncertain plaintiff could not make a fixed price bid for its installation, therefore, it was agreed all motors and machinery would be wired by plaintiff on a time plus material basis which contemplated a charge of retail price plus 10% for the material used and $9.75 per hour for an electrician and helper as well as all tools and equipment furnished by plaintiff in performance of this work. Plaintiff testified positively that defendant said nothing about a corporation, that plaintiff was unaware of the existence of the corporation and understood that defendant was individually responsible for both contracts. Plaintiff does admit the existence of two separate contracts and admits billing defendant personally for the work on the building and billing defendant in the name of the ice skating rink for the work on the equipment which procedure was necessitated solely by the fact there was no fixed price for wiring the equipment. According to plaintiff the accounts became delinquent and despite repeated demand upon defendant the balance due on each contract remained unpaid. In January, 1959, plaintiff contacted defendant who had made no payment on the accounts in four or five months. On this occasion defendant paid plaintiff $200 on the building contract and $1,100 on the equipment account and requested that plaintiff combine the two bills as such procedure would facilitate payment of both balances it being plaintiff’s understanding defendant was in the process of making a loan on the building to pay off his obligations.
Defendant readily conceded the terms of the two separate agreements testified to by plaintiff with the exception defendant *463 maintains he made it quite clear to one Leteff (an employee of plaintiff) that the contract for the motors, machinery and equipment was not defendant’s responsibility but solely that of the corporation which defendant headed as president. According to defendant, in January, 1959, he gave plaintiff his personal check for $200 in payment of the balance due on the building account and a corporate check for $1,100 as partial payment of the machinery and equipment contract. Plaintiff denied the $1,100 check was given by the corporation and contends it was drawn on defendant’s personal account. Defendant further testified that on this occasion he did not tell plaintiff combining the bills would make it easier for him to pay plaintiff but that he would take plaintiff’s bill for wiring the equipment and present it to the corporation for payment.
That plaintiff himself qualifies as the “one credible witness” required by Article 2277 of our Revised Civil Code is hardly open to argument. See Cormier v. Douet, supra.
It is settled jurisprudence that the phrase “other corroborating circumstances” employed in Article 2277, LSA-C.C. means the corroboration thereby required need be only general and not specific as to each element of plaintiff’s case. Morris v. Pratt, 114 La. 98, 38 So. 70.
Our review of the testimony adduced herein leads to the conclusion the record contains corroborative evidence ample to support the finding of the learned trial court.
It is uncontradicted that defendant was the sole owner of the building and a principal although not the major stockholder of the corporation to which his building was subsequently leased. Defendant does not deny that he and he alone made all arrangements for both the work on the building and equipment and in this connection we regard with some significance his testimony that his statements concerning the liability of the corporation were allegedly made to plaintiff’s foreman Leteff and not plaintiff personally. On this issue we further note his testimony appearing on page 6 of the transcript wherein, in the following language, he expressed doubt that he told plaintiff himself the contract for wiring the equipment was the obligation of the corporation.
“Q. Did you ever, yourself, tell Mr. Pino that the work that was being done was partly yours and partly for Ice Gardens, Incorporated? A. I don’t recall that I did unless this work that I say was mine — it could have been said, but I don’t recall it.”
Plaintiff’s testimony that all bills for both contracts were sent to defendant and that at no time did he bill the corporation is uncontradicted in the record. Moreover, we believe, as did the trial court, the record indicates plaintiff had no knowledge of the existence of the corporation until so informed by the attorney to whom plaintiff had given the account for collection.
Additionally, we find, as did the learned trial court, defendant’s testimony somewhat vague and, as indicated by the here-inabove quoted portion thereof, somewhat conflicting and contradictory.
We conclude, therefore, the judgment appealed from is in accordance with the law and evidence and affirm same.
Affirmed.
HERGET, J., recused.