CLYDE C. RUSSELL, Judge.
Defendant has taken this appeal from the judgment of the lower Court ordering her to pay to plaintiff, Olympe Le Blanc King, the sum of $2,000.00, which amount represents two loans of $1,000.00 each allegedly made by plaintiff to defendant, the first of which was made on January 22, 1959 and the second on July 10, 1959. Although in her original answer defendant denied ever having been loaned anything by plaintiff, at the trial it was virtually admitted by defendant and her counsel that she had borrowed $1,000.00 on January 22, 1959, and in his brief to this Court counsel for defendant has assigned as error only the holding of the lower Court that she also borrowed $1,000.00 on July 10, 1959.
Plaintiff’s testimony regarding the second-loan to defendant is to the effect that on July 10, 1959 she was over at the home of defendant; also present were defendant’s boy friend, brother, aunt and daughter; that defendant asked plaintiff in private to loan her another $1,000.00 to help pay for repairs and improvements which she was then having done on her house; that plaintiff agreed, and all present rode to a homestead association where plaintiff had a savings account; that only defendant and plaintiff went inside and that plaintiff then, withdrew from her account $1,000.00 in. cash and gave it to defendant at that time. Plaintiff called no witnesses other than herself and the only evidence which she offered to prove the $1,000.00 loan of July 10, 1959 was a passbook in her name at the Guaranty Savings & Homestead Association showing a withdrawal of $1,000.00 on the date in question.
There is no question but that this case comes squarely under the provisions of LS A-C.C. Article 2277, cited by counsel for both parties in their briefs, which provides as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
Defendant contends that plaintiff has not proved the loan of July 10, 1959 by at least one credible witness and other cor *618 roborating circumstances; however, the trial judge found otherwise and his findings in this regard must be accepted, unless manifestly erroneous. Cormier v. Douet, 219 La. 915, 54 So.2d 177.
Defendant’s counsel attacks the credibility of plaintiff because at the trial she testified that she withdrew the $1,000.00 from the FIDELITY HOMESTEAD to give defendant, but the passbook introduced a few minutes later by her counsel was that of the GUARANTY SAVINGS & HOMESTEAD ASSOCIATION. Evidently this inconsistency did not impress the lower Court and we feel that an examination of the entire record, will show that plaintiff was merely mistaken as to the name of the homestead association from which she withdrew the $1,000.00. That plaintiff herself can otherwise serve as the “one credible witness” required by Article 2277, LSA-C.C. is well established. Pino v. Bennett, La.App., 126 So.2d 460; Cormier v. Douet, 219 La. 915, 54 So.2d 177.
Now turning to the “other corroborating circumstances” requirement of Article 2277, we think the fact that defendant admits that she was having her home extensively repaired and remodeled on and before July 10, 1959, the date of the alleged loan; the fact that plaintiff withdrew $1,-000.00 from a savings account on the date in question (as shown by her passbook with Guaranty Savings & Homestead Association) ; and last, but perhaps most • important, the fact, established beyond doubt at the trial, that plaintiff had loaned defendant $1,000.00 only a few months prior to this second loan and had required no note or other evidence of indebtedness, are all corroborating circumstances sufficient to satisfy the cited codal article. It is established Louisiana Law that the phrase “other corroborating circumstances” set out in LSA-C.C. Article 2277 means that the corroboration thereby required need be only general and not specific as to each element of plaintiff’s case. Morris v. Pratt, 114 La. 98, 38 So. 70.
Having reached the conclusion that plaintiff has established that she loaned defendant $1,000.00 on July 10, 1959, we might say in passing that we find no quarrel with the jurisprudence cited in defendant’s brief to the effect that failure to call available witnesses possessing peculiar knowledge essential to a party’s cause raises a presumption that the witnesses’ testimony would be detrimental to such party’s case. However, in the case at bar plaintiff has sufficient corroboration for her own testimony and thus it can hardly be said that the testimony of other witnesses whom she might have called would be “essential” to her case. Also, most if not all of the other witnesses available to plaintiff were either friends or relatives of the defendant, a situation which may have played no small part in her decision not to call them as her own witnesses.
Therefore, the judgment of the lower Court is affirmed at defendant-appellant’s cost.
Affirmed.