HERGET, Judge
(dissenting).
Plaintiff appealed from a judgment of the Trial Court rejecting his demands for $7,499.80 and dismissing his suit at his costs.
*101 The evidence reveals the major portion of the claim represents the balance due on an alleged verbal contract by Defendant to purchase from Plaintiff a tractor. Plaintiff, who owned timber land, engaged Defendant to do some logging operations on his property. There is evidence in the record Defendant approached a Mr. Flana-kin to negotiate the purchase of a tractor. Defendant denied he had attempted to purchase the tractor individually, but related, at Mr. Ory’s request, he contacted Mr. Flanakin on Mr. Ory’s behalf. Mr. Flanakin, the representative of Patterson-Redmond Equipment Company from whom the tractor was purchased, testified that because of Defendant’s credit rating he informed Defendant no sale could be made to him, likewise a discount could be given Mr. Ory and Flanakin contacted Plaintiff making such representations to him. Whereupon, Plaintiff purchased the tractor, making a down payment of $2,500 thereon and for the balance executed his chattel mortgage note in the sum of $6,-159.67. Though there is the testimony of Mr. Flanakin that Mr. Ory was purchasing the equipment for defendant, Griffin, the sale from Patterson-Redmond Equipment Company was made to Mr. Ory. He alone executed same and Defendant was no party to the contract. Without question title therefor and ownership thereof passed to Mr. Ory. Walker v. Jim Austin Motor Company et al., La.App., 162 So.2d 135.
Plaintiff maintains that by verbal contract he sold this equipment to Defendant.
Defendant denied categorically purchasing the tractor from Plaintiff, and defends on the ground under LSA-C.C. Art. 2277 proof of a contract for the payment of money when not reduced to writing where in excess of $500 requires the evidence of one credible witness and other corroborating circumstances.
As a witness, in support of his testimony, over the objection of counsel for Defendant, Plaintiff offered two ledger sheets taken out of his books which he testified he himself kept and wherein certain entries were made as to debits and credits on this alleged contract.
Under LSA-C.C. Art. 2249, it is recited:
“Art. 2249. Domestic books and papers are not proof in favor of him who has written them; they are proofs against him: * *
By the clear provision of this Article such ledger sheets are not evidence and are not proof in favor of Plaintiff. From my review of the testimony there is no proof that Defendant in fact contracted with Plaintiff to purchase the tractor, neither is there proof of corroborating circumstances to show such contract was consummated. In fact, the evidence shows, though Defendant’s employment with Plaintiff was terminated in January of 1959, at which time he removed his own equipment from Plaintiff’s premises, leaving the tractor, which he averred he had no title to nor had he ever asserted any thereto, and this suit was not instituted until March of 1960. Such laches make questionable the verity of the claim.
Counsel for Plaintiff cites the case of Pino v. Bennett, La.App., 126 So.2d 460 as authority for the position he has offered sufficient proof warranting judgment in the case; however, in the Pino case there was no dispute whatever the contract for the services for which defendant was sued had been in fact made by him. The only question involved was that a portion of the account was to be charged to a defunct corporation of which defendant was the owner. Plaintiff in that case testified without contradiction the statements for the services rendered as same became due were mailed to the defendant, and that at no time had he ever heard of a corporation to which some portion of the account should be charged. Therefore, there was the testimony of one qualified witness, who may be the plaintiff as observed in Cormier v. Douet, 219 La. 915, 54 So.2d 177, but in addition thereto there were corroborating cir- *102 cumslances which were sufficient -to warrant judgment.
The majority’s observation the Trial Court “indicated, that proof in writing is required is to disregard the plain language of the quoted article as interpreted by established jurisprudence.”, is, in my opinion, not borne out by the record. For, from a reading in full of the written reasons assigned by the Trial Court, its decision was predicated upon the resolution of whether an alleged verbal contract of sale had been made by Plaintiff to Defendant of the tractor. The Trial Court having concluded Plaintiff had failed by a preponderance of evidence to sustain the proof as required by LSA-C.C. Art. 2277, it correctly, in my opinion, observed “ ‘ * * * plaintiff has not carried the burden of proof of the oral contract.’ ”
I am not in accord with the majority’s conclusion : “We believe the following testimony of. Flanakin clearly establishes the sale was made in plaintiff’s name for convenience only with the agreement and understanding defendant would repay plaintiff the cost thereof: * * * ”. Plaintiff himself made no such contention inasmuch as without question the sale of the tractor by Patterson-Redmond Equipment Company was to Plaintiff. It is the contention of Plaintiff that thereafter Plaintiff, by verbal sale, sold the tractor to Defendant and it is this alleged sale that is the controversial issue in this case. To me, it passes all realms of probability or ration that a business-man, such as is Plaintiff, would sell to Defendant, whose credit was impaired to such an extent the vendor of the equipment refused to sell to him, on credit, a tractor on which Plaintiff made a down payment of $2,500 and executed his note for the balance due thereon secured by a chattel mortgage for the sum of $6,159.67, under a verbal contract, without retaining a chattel mortgage thereon and without providing any definite monthly payments to be made thereon, and would permit, while he himself was paying monthly to Patterson-Redmond on the note the sum of $343, Defendant to make payments to him of $50, $100 or $150 as his record indicates, and further, after discharging Defendant, who thereupon left the tractor on Plaintiff’s premises, would wait a year before entering suit to collect the alleged balance due on the contract of sale.
In Cormier v. Douet, supra, 54 So.2d 177 at page 178, the Supreme Court in analyzing LSA-C.C. Art. 2277 opined:
“Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge’s conclusions must be accepted, unless they are manifestly erroneous. Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329.”
While I am not in accord with the observation “the district judge’s conclusions must be accepted, unless they are manifestly erroneous.”; because of the opportunity of the Trial Court to see and hear the witnesses, I do believe great weight should be attached to his conclusion predicated upon such finding. And, in my opinion, as was that of the Trial Judge, Plaintiff failed to carry the burden imposed upon him by law of proving his case by a preponderance of the evidence. Therefore, the judgment should be affirmed.
I respectfully dissent.