TUCKER, Judge:
This is a suit for serious injuries sustained by the plaintiff, Griffin Revere, in a one vehicle automobile accident which occurred on December 6, 1950, almost nineteen (19) years prior to the case finally being tried on the merits on November 13, 1969. A judgment was rendered on July 30, 1970 and read and signed on September 14, 1970, rejecting plaintiff’s demands. The plaintiff has appealed from this judg *443 ment. The sole question on appeal is the negligence of the defendant, as we shall treat more fully below. The twenty year history of the case has involved many legal maneuverings and hearings which are not at issue in the instant appeal.
On the evening of December 6, 1950, about 8:30 P.M., as the plaintiff Griffin Revere was returning home from work, driving a Ford automobile on the Folsom-Bush Road in St. Tammany Parish, about three-quarters of a mile east of the intersection of this road with the Lee Road, while he was rounding a corner and driving downhill at a moderate rate of speed, about 35 miles per hour, he hit some gravel, which he described as a “pile” of gravel, causing him to be thrown against the floorboard of his automobile, thus accelerating it into another “pile” of gravel, which in turn, caused it to overturn. Plaintiff was thrown out of the automobile, sustaining severe injuries to his right leg, which disabled him for nineteen months and necessitated his spending seven months in the Veterans Hospital in New Orleans. Plaintiff alleged as the sole cause of the accident the negligence of the Louisiana State Department of Highways in grading the road that day and leaving piles of gravel on it which made it unsafe for drivers. The plaintiff sued for NINETEEN THOUSAND SIX HUNDRED FORTY-TWO DOLLARS ($19,642.00) damage for wage loss, medical expenses, pain and mental anguish. The Department of Highways denied that it had left any “piles” of gravel which caused plaintiff’s accident, and alleged contributory negligence on his part. Judgment was rendered for the defendant in the lower court, with the judge giving his reasoning as follows:
“Although there might have been loose gravel or thicker gravel at the point where this accident occurred, the evidence shows that numerous other vehicles traversed the same spot, and there is no evidence to show that any of them had any problems. This is good indication that the roadway was reasonably safe for drivers using reasonable care, or care commensurate with the apparent condition of the roadway.”
Plaintiff reiterates the negligence of the defendant and urges that the trial judge was manifestly erroneous in overlooking the testimony of Joe Camatte and in failing to give the proper weight to the testimony of the other witnesses. Plaintiff also alleges error by the trial judge in stating that the road was traversed by numerous other drivers without incident, when there is no evidence to support this statement.
The testimony of plaintiff and his witnesses clearly shows that the plaintiff, at the time the accident occurred, encountered a gravel aggregate on the road somewhat in excess than would have usually been anticipated. The testimony varied with respect to the depth and location on the road surface of the excessive gravel “pile or piles”. Some of the witnesses saw only one “pile”, others saw two “piles”; the depth of the gravel varied in estimates of three or four to eighteen inches; and the location of the excess gravel was variously stated to be road-encompassing by some and on the side of the road by other witnesses. The plaintiff’s witnesses were all related to him.
Defendant produced five witnesses, all former employees. Each witness testified in effect that he had been personally acquainted with the plaintiff for a number of years. Each testified further that he lived in the vicinity of the accident scene and had traveled past the site on the morning and the late afternoon of the day of the accident in the course of going to and returning from work. Each witness also stated that the subject highway had been graded during the day of the accident, and that no piles of gravel were present on the roadway. In addition each witness testified that he passed the accident scene on the early morning following • the accident, and, while it could be plainly seen where the accident occurred, no unusual amounts *444 of gravel were observed at the site. One witness, however, stated on cross examination that he had no independent recollection of the condition of the highway when the accident occurred.
We do take note of the trial court, in its reasons for judgment, making mention that numerous other vehicles had traversed the same spot, and there was no evidence that any of them had experienced problems. The record does not reveal any evidence in support of this gratuitous statement. As a matter of fact by supplemental petition, the plaintiff alleged that there had been five other accidents along this stretch of gravel road shortly after the accident in question. It is true that Joseph Camatte was the only witness who testified in a deposition about one of the accidents, involving a Mrs. Heintz, and made reference generally to several other wrecks within a week’s time. No other testimony was developed on this score.
The trial court had the opportunity of observing the conduct and demeanor of the various witnesses and to appraise the credibility of their respective testimonies. Obviously, the trial judge believed the defendant’s witnesses, who were acquainted with the plaintiff, and who were thoroughly familiar with the physical particulars of the roadway surface both immediately before and shortly after the accident in question.
The plaintiff bears the burden of proving his case. We concur in the finding of the lower court that the plaintiff has failed to establish that such excess gravel with which he was confronted on the road surface when the accident occurred was of such proportions as to create a hazardous condition and make the roadway unsafe for his travel.
The findings of fact of the lower court will not be disturbed on appeal unless such findings are manifestly erroneous. See Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404 and many other cases of similar import. There is no manifest error in the trial court’s findings of fact.
For the above and foregoing reasons the judgment of the lower court is affirmed at appellant’s costs.
Judgment affirmed.