BEER, Judge.
Plaintiff-appellee, Robert Samuels (hereafter, “Samuels”), sought recovery from defendant-appellant, The Firestone Tire and Rubber Company (hereafter, “Firestone”). His claim was based upon the contention that he had, as a real estate broker, produced a purchaser ready, willing and able to buy — at Firestone’s price— a piece of property offered for sale by Firestone adjacent to its facility on Veterans Highway in Jefferson Parish and had, thereby, provoked an oral commitment from Firestone to pay him a commission of $5,000 even though the proposed transaction was never consummated. From a judgment in favor of Samuels, Firestone suspensively appeals. We reverse.
In essence, this case boils down to a finding of whether or not Samuels has sustained the burden of proof which is required by Louisiana Civil Code Article 2277, which states:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
The requisites of Article 2277 as they apply in this litigation are clear cut: testimony of one credible witness and other corroborating circumstances.
Equally clear is the fact that “other corroborating circumstances” must appear al-iunde and may not have their origin in the testimony of the “credible witness.” When this record is carefully examined, it becomes apparent that the second requirement of Article 2277 has not been fulfilled by Samuels. It is barren of any testimony or evidence which can properly be categorized as acceptable proof of “other corroborating circumstances.”
Although Samuels had some exchange of correspondence and telephone discussions with a representative of Firestone relative to the possible sale of the property, that evidence is not, in any way, indicative of “other corroborating circumstances” to support his claim that a commission of $5,000 was promised to him. At best, it does no more than support a finding that Samuels was attempting, as a broker, to confect a sale between his client, Mr. J. V. O’Quinn, and Firestone. In this capacity, he first forwarded an offer of $100,000 to Firestone which they rejected. Contemporaneously with the rejection, Firestone indicated a willingness to sell for $150,000. *731 Samuels, in behalf of his client, then offered $116,466. Firestone turned that offer down. Samuels came back again with an offer of $125,000 in behalf of O’Quinn which Firestone also rejected. After this rejection, Samuels, in behalf of O’Quinn, made an offer of $150,000 which precipitated the now controversial telephone discussion between Samuels and Firestone’s representative, Burck, as to whether or not the offer was “net” to Firestone or “gross” to Firestone, and what flat figure or percentage figure might be paid to Samuels for putting the deal together if the offer was accepted by Firestone.
Samuels seeks corroboration of his own testimony that Burck orally agreed, in that telephone conversation, to pay him a $5,000 commission by producing the testimony of his then client, J. V. O’Quinn. But the only questionable light that Mr. O’Quinn can shed on the subject is to testify that Samuels told him (O’Quinn) that Burck told him (Samuels) that Firestone had agreed to pay him the $5,000 commission. Over objection, the trial judge permitted this testimony to be introduced. We find it to be irredeemable hearsay and, further, find that it is, by its very nature, clearly from the exact same source as the testimony of Samuels, who seeks to be his own “credible witness” in attempted compliance with the requirements of Article 2277. Even when we accept Samuels as his own credible witness, there is still no “other corroborating circumstances” satisfactorily supported by the evidence. None of the documentary evidence offered by Samuels supports, in any way whatsoever, the alleged oral commission agreement except a typed “purchase offer” which Samuels, himself, prepared but which was never accepted by Firestone or, in any way, approved or ratified by them. As a matter of fact, Firestone had, orally, rejected the last O’Ouinn offer before the written proposal ever reached them. Burck, under oath, categorically denied any agreement in behalf of Firestone to pay $5,000 (or any other amount) to Samuels.
Able counsel for Samuels has, in oral argument before us, essentially abandoned the alternative contention that Samuels had a basis for claiming some commission in an amount other than $5,000. This abandonment makes good sense for we find without merit, and thus reject, any contention that Samuels might have acquired a right to some commission figure based upon custom. His petition and, most important, his proof (such as it is) deal exclusively with the factual contention that Firestone, through Burck, orally negotiated an agreement to pay him a $5,000 commission in the particular, singular circumstances of this transaction.
Burck has put Samuels’ contentions with respect to their conversation about the negotiated commission of $5,000 squarely at issue. The trial judge apparently resolved this factual controversy in Samuels’ favor thus precipitating the observation by Sam-uels’ counsel, during argument before us, to the effect that he is entirely satisfied to have the case decided by application of Louisiana Civil Code Article 2277 since the trial court had, obviously, reached the above noted factual conclusion even though there are no written reasons for judgment. However, the trial court’s resolution of the conflict of the testimony between Samuels and Burck does not fulfill the requirements of Louisiana Civil Code Article 2277 insofar as “other corroborating circumstances” is concerned. It does, we agree, constitute (in the absence of manifest error) Samuels as a “credible witness” in his own behalf and, therefore, fulfills the first requirement of the codal article. Furthermore, we find no manifest error in this aspect of the trial court’s judgment. However, we do, also, find the record barren of any credible evidence to support the additional critical requirement of “other corroborating circumstances.”
The difference between the order of proof necessary in controversies involving less than $500 and more than $500 is obvious and basic. “Competent evidence” is *732 all that is needed in the first instance. But, in the second instance, the requisite proof is far more stringent. The reason for this distinction is as apparent as the distinction itself. Larger amounts in controversy require clearer and more likely proof. This requirement is consistent with general business procedures and is obviously based on the common sense determination that transactions with significant fiscal implications should require greater factual validation.
The judgment of the Civil District Court for the Parish of Orleans is reversed and judgment is now rendered in favor of The Firestone Tire and Rubber Company and against Robert Samuels, dismissing plaintiff’s suit at his costs.

REVERSED AND RENDERED.