342 So.2d 661 (1977)
Robert N. SAMUELS
v.
FIRESTONE TIRE & RUBBER COMPANY.
No. 58352.
Supreme Court of Louisiana.
January 24, 1977.
Rehearing Denied March 2, 1977.[*]
*662 Lucas J. Giordano, Mmahat, Gagliano, Duffy & Giordano, Metairie, for plaintiff-applicant.
Benjamin R. Slater, Jr., William J. Hamlin, Michael R. O'Keefe, III, Monroe & Lemann, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
Plaintiff, Robert N. Samuels, a real estate broker, sued Firestone Tire & Rubber Company for his real estate commission based upon an alleged oral listing agreement for the sale of immovable property. The property was not sold; however, plaintiff contends that he earned his commission by procuring a buyer willing to purchase at plaintiff's price. The district court found in favor of the plaintiff, and the defendant appealed. The Court of Appeal reversed and rendered judgment in favor of defendant. La.App., 333 So.2d 729 (1976). We granted writs to review the Court of Appeal's judgment. La., 337 So.2d 872 (1976).
It is well-settled that an agreement listing immovable property for sale with a real estate broker need not be in writing. A contract between seller and agent may be made orally or a written contract may be changed orally. Whatley v. McMillan, 152 La. 978, 94 So. 905 (1922); Olympic Homes, Inc. v. Ory, La.App., 207 So.2d 258, writ ref., 252 La. 113, 209 So.2d 41 (1968); Caruso-Goll v. Gallo, La.App., 205 So.2d 57 (1968) and cases cited therein. Likewise, it is well-settled that a sale need not be consummated for an agent to earn his commission. The agent is entitled to his commission when he has secured a purchaser ready, able, and willing to buy on vendor's terms even though no sale is consummated because of actions of the owner. Peck v. Bemiss, 10 La.Ann. 160 (1855), Strahan v. Weiland, La.App., 216 So.2d 169 (1968); Olympic Homes, Inc. v. Ory, supra.
The plaintiff relies upon an oral agreement to pay a real estate commission of $5,000.00. The case, therefore, reduces to a single issue: whether or not Samuels has proved the existence of the oral agreement to pay the commission under the provisions of Louisiana Civil Code Article 2277, which provides:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
Since the contract here involves more than five hundred dollars, the proof components are one credible witness and other corroborating circumstances.
We agree with the Court of Appeal that plaintiff may, himself, fulfill the requirement for at least one credible witness in Article 2277. Cormier v. Douet, 219 La. 915, 54 So.2d 177 (1951); Olympic Electric Service, Inc. v. Craig, La.App., 286 So.2d 182 (1973); King v. Jarvis, La.App., 144 So.2d 616 (1962); Pino v. Bennett, La.App., 126 So.2d 460 (1961); and cases cited therein. We, however, disagree with the Court of Appeal's finding that: "When this record is carefully examined, it becomes apparent that the second requirement of Article 2277 has not been fulfilled by Samuels. It is barren of any testimony or evidence which can properly be categorized as acceptable proof of `other corroborating circumstances."
The phrase "other corroborating circumstances" in Article 2277 means general corroboration. It does not require independent proof of every detail of the witness's testimony. Morris v. Pratt, 114 La. 98, 38 So. 70 (1905); King v. Jarvis, La.App., 144 So.2d 616 (1962).
In Cormier v. Douet, supra, this Court stated:

*663 "Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge's conclusions must be accepted, unless they are manifestly erroneous. Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329."
The real estate broker testified that he had corresponded with George Burck, a representative of the Firestone Real Estate Department; this testimony is corroborated by exhibits in the record. The broker sent defendant an Agreement to Purchase or Sell Real Estate for $100,000.00, dated January 13, 1972, covering the subject property. The agreement contained a provision for an agent's commission of 6% payable by the seller. Burck acknowledged receipt of the Agreement by letter dated February 1, 1972. This letter, which made no mention of the agent's commission, rejected the proposal, stating:
"I have been informed by our management that they would sell the property for $150,000, and you can accept this as a bona fide offer to sell."
Subsequently, the broker sent Burck another Agreement to Purchase or Sell Real Estate, dated February 6, 1972, for $111,466.00, also stipulating a 6% agent's commission payable by seller. Firestone rejected the offer as too low, and there is no indication that there was any discussion of the payment of the agent's commission. It is obvious from the contracts sent to defendant that plaintiff expected defendant to pay his commission. In neither brief nor argument does defendant explain why there was no discussion regarding the agent's commission, if defendant had no intention of paying it. Moreover, the testimony discloses that all parties were familiar with the real estate business and that it was the custom in the real estate filed for the seller to pay the agent's commission.
Plaintiff further testified that his client finally offered to pay the full $150,000.00 which defendant wanted for its property. This is corroborated by an Agreement to Purchase or Sell Real Estate for the amount of $150,000.00, dated February 29, 1972, and signed by plaintiff and his client. Plaintiff further testified that, when his client agreed to pay the full $150,000.00, he telephoned Burck and was informed for the first time that defendant had no intention of paying the agent's commission. Plaintiff then testified that, to salvage the sale, he agreed to take a $5,000.00 commission rather than 6%. Plaintiff stated that, pursuant to the telephone agreement, he filled out an Agreement to Purchase or Sell Real Estate for the amount of $150,000.00, with a $5,000.00 commission, had his client sign the Agreement, and mailed it to Burck who rejected the Agreement. The fact of the telephone call is corroborated by a receipt for the call.
Burck admits the call but strenuously denies that he and the broker reached any agreement as to the commission. Nonetheless, the circumstance that the commission was revised to a specific discounted figure in the last contract strongly corroborates plaintiff's testimony.
On the basis of the corroborating circumstances, the trial court found that the agreement to pay the $5,000.00 commission had been adequately established. As we have observed, this finding is entitled to great weight.
We conclude that the proof requirements of Article 2277 of the Louisiana Civil Code have been satisfied.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the Civil District Court for the Parish of Orleans is reinstated and made the judgment of this Court. Defendant is assessed for all costs.
CALOGERO, J., dissents for the reasons expressed in the opinion of the court of appeal.
NOTES
[*] Calogero, J., was of the opinion that a rechearing should be granted.