CHIASSON, Judge.
Plaintiff-appellant, C. J. Brown, Inc., Realtors, seeks to recover a commission allegedly earned under an exclusive listing agreement executed by Kenneth A. Miller and Cheryl G. Miller, appellees. The trial court rendered judgment in favor of the homeowners and the realtor appealed.
The facts of the case are that the listing agreement was executed on August 30, 1978 for a primary term of three months ending at midnight on November 30, 1978. The agreement stipulated a realtor’s fee of six percent (6%) of the selling price of $94,-900.00.
On November 28, 1978, appellees were presented with and rejected an offer to purchase the property for $91,000.00. On November 29, 1978, the same prospective purchaser signed a purchase agreement for the full amount of $94,900.00 containing a provision for the payment of $43,800.00 in cash and the assumption of the current balance on the existing mortgage. This agreement contained a further provision that the sale was to be passed on or before February 3, 1979.[1] This offer was rejected by appellees when it was presented to them on November 30, 1978.
Contrary to appellant’s argument in brief the exclusive listing agreement did not authorize a sale with assumption of mortgage. Nor was there a subsequent oral agreement to authorize a sale with assumption of mortgage. The act of obtaining information concerning outstanding indebtedness on the property to be sold does not automatically create authorization to sell with an assumption of the indebtedness.
In Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977), the Louisiana Supreme Court stated:
“. . . it is well-settled that a sale need not be consummated for an agent to earn his commission. The agent is entitled to his commission when he has secured a purchaser ready, able, and willing to buy on vendor’s terms even though no sale is consummated because of actions of the owner.”
The obligation of the realtor therefore is to secure a purchaser ready, able and willing to buy on the vendors’ terms. The only pertinent term expressed in the agreement is Ninety-Four Thousand Nine Hundred and No/100 ($94,900.00) Dollars.
It matters not that the principal motivating factor to reject the offer in this case was something other than the inclusion of the assumption of mortgage in the offer to purchase. The inclusion of this provision was not in accord with appellees’ terms and appellees had the right to reject the offer without incurring an obligation to pay the commission.
We are dealing here solely with the realtor’s right to a commission. Its failure to secure a purchaser ready to buy on appel-lees’ terms deprives it of any rights to a commission.
Because of our holding we find it unnecessary to determine whether or not a closing date two months and four days after an offer to purchase is reasonable.
For these reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Although the agreement states the year 1978, it is clear that 1979 is the intended year.