DOUCET, Judge.
Elijah Green, plaintiff, secured a judgment for workmen’s compensation benefits against Provencal Tie and Lumber Co., Inc. When no payments followed, plaintiff, pursuant to a writ of fi.fa., caused the seizure of 200 cross ties located on Provencal’s premises. Cecil Boswell intervened in the seizure proceedings claiming ownership thereof and seeking release of said ties. The trial court held that the ties were owned by intervenor and ordered them released from seizure. Plaintiff has appealed, *1229 assigning as error the trial court’s determination that intervenor established ownership of the cross ties. We affirm.
Provencal Tie and Lumber Co., Inc. is a family corporation which produces railroad ties and lumber products. It is managed by the Boswell brothers, Terry and Cecil, who acquired their respective interests therein upon the death of their father, who had previously owned and operated the mill. Terry Boswell is the President, and while Cecil holds no official title, he has assumed management of the corporation during periods his brother was hospitalized. The corporation became insolvent as the result of seizure of its bank accounts to satisfy a workmen’s compensation judgment in another case. Thereafter, Cecil allegedly took over the corporation and assumed its management, operating under the name “Boswell Saw Mill”. Appellant contends that the transformation from Provencal Tie and Lumber Co., Inc. to Boswell Saw Mill consisted of only a change in name, done to defeat his rights.
At a judgment debtor exam conducted prior to the trial, Terry claimed ownership of all cross ties, movable equipment, fixtures, etc. located at the site. However, at the seizure proceedings both Terry and Cecil testified that Cecil owned the 200 cross ties involved, though no written records were produced to confirm same. The trial judge agreed and held Cecil to be the owner of the ties, and accordingly released them from seizure.
Appellant claims intervenor failed in his burden of proving ownership of the seized property allegedly valued at over $500.00. LSA-C.C. Art. 2277 provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
It is appellant s contention that the testimony of the Boswell Brothers was self-serving and not credible; the trial judge obviously felt otherwise. However, it is well established that a party claiming the movable under a contract can serve as a credible witness, Samuels v. Firestone Tire and Rubber Co., 342 So.2d 661 (La.1977); O’Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir. 1979); Great Marine Corp. v. Vinet, 217 So.2d 480 (La.App. 1st Cir. 1968), writ refused 253 La. 739, 219 So.2d 515 (La.1969); Reeves v. Enterprise Products Co., 354 So.2d 1081 (La.App. 2nd Cir. 1978). As corroborating evidence the trial judge apparently accepted the testimony of Cecil’s brother, Terry, and considered possession to be in Cecil rather than the defunct corporation.
We will not disturb reasonable evaluations of credibility and inferences of fact simply because another result might be just as reasonable, absent manifest error, Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Canter v. Koehring, 283 So.2d 716 (La.1973). In applying this rule of appellate review to the present article, the Supreme Court in Samuels v. Firestone Tire and Rubber Co., supra, quoted the following from Cormier v. Douet, 219 La. 915, 54 So.2d 177 (1951):
“Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge’s conclusions must be accepted, unless they are manifestly erroneous. Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 628, 30 So.2d 563, and Martin v. Martin, 212 La. 1092, 34 So.2d 329.”
We cannot say the trial judge was manifestly erroneous. Accordingly, we affirm. All costs taxed to appellant.
AFFIRMED.