DOMENGEAUX, Chief Judge.
This is a suit by Roy R. Broussard Lumber Yard against Reginald Wilson to collect the balance allegedly owed for construction supplies and services provided to Wilson. Plaintiff sued alternatively on open account and breach of contract. The trial court sustained Wilson’s exception of prescription on the open account claim but found the plaintiff had proved the existence of an oral contract and allowed recovery on that basis. Wilson appeals alleging the lumber yard did not present sufficient evidence to show the existence of an oral construction contract. We affirm.
The testimony of William Franz Bazar, manager of Roy R. Broussard Lumber Yard, reveals that an agreement was entered into between the lumber yard and Wilson whereby the lumber yard would supply materials and services for the construction of a house located at 705 Breaux Street in Abbeville, Louisiana. The cost of the house was originally estimated at $45,-000.00; however, during construction, Wilson authorized certain changes which brought the price up to approximately $50,-000.00.
As manager of the lumber yard, Bazar handled customer accounts, disbursed funds to .suppliers and subcontractors, and supervised construction projects. Bazar testified that Wilson authorized and ordered all of the materials and work performed at the Breaux Street location, including additional speciality improvements. Bazar also described a meeting he had with Wilson at which time they discussed all charges and Wilson was shown the final amount due.
*94 In connection with Bazar’s testimony, the plaintiff introduced all of the invoices evidencing materials provided to Wilson for the construction of the house. Plaintiff also introduced the lumber yard’s ledger sheet for this job which shows the charges for both the materials and labor supplied plus all payments made by Wilson on the account. These documents, along with Ba-zar’s testimony, show the final cost of the job to be $50,139.97. Of that amount, Wilson paid $35,000.00 leaving a balance of $15,139.97.
Plaintiff also introduced the deposition testimony of Jimmie J. Landry, vice-president of the Abbeville Bank and Trust Company. Landry testified that Wilson obtained a construction loan in the amount of $45,000.00. As construction of Wilson’s house progressed, the bank dispersed $35,-000.00 in three payments to Wilson and Roy R. Broussard Lumber Yard jointly. Additionally, the bank dispersed $1,707.90 to Wilson and $2,202.10 to Dennis Floor Center.
The defendant offered no testimony or documentary evidence to contradict the plaintiff’s case. Therefore, the only question before us is whether the plaintiff presented sufficient evidence to establish the existence of an oral contract.
Louisiana Civil Code article 1846 (former article 2277) requires that an oral contract for a value in excess of $500.00 be proved by at least one witness and other corroborating circumstances. Our jurisprudence allows the one witness requirement to be satisfied by the plaintiff alone as long as general corroborating circumstances are shown. Samuels v. Firestone Tire and Rubber Co., 342 So.2d 661 (La.1977). Independent proof of every detail of the witness’ testimony is not 'required. Samuels. The trier of fact has much discretion in determining what evidence is corroborative of the plaintiff’s case, and such determination will be accepted unless manifestly erroneous. Samuels; Cormier v. Douet, 219 La. 915, 54 So.2d 177 (1951).
A thorough review of the record does not reveal an abuse of the trial court’s discretion in this case. The oral construction contract was proved by the testimony of plaintiff's general manager, Franz Ba-zar. It was corroborated by the testimony of Jimmie Landry, whose bank financed the transaction, and the ledger sheet and invoices which evidenced the price or value of the transaction.
In support of his position that the evidence presented was insufficient to establish the existence of an oral contract, Wilson cites several cases which we find distinguishable from the facts before us. In both Chavers v. Kury Construction Co., 363 So.2d 950 (La.App. 3rd Cir.1978), and Hall v. Turner, 500 So.2d 853 (La.App. 1st Cir.1986), no corroborating evidence was offered in support of each plaintiff’s own testimony. Similarily in Ville Platte Concrete v. Western Casualty and Surety Co., 377 So.2d 532 (La.App. 3rd Cir.1979), this Court found insufficient evidence of a contractual relationship between the plaintiff and one defendant, a surety company; plaintiff’s evidence pertained only to his relationship with the other defendant.
We conclude the proof requirements of La.C.C. art. 1846 have been satisfied. Therefore, the judgment rendered in favor of Roy R. Broussard Lumber Yard and against Reginald Wilson for the sum of $15,139.97, with legal interest from the date of judicial demand, is affirmed. That portion of the judgment recognizing Roy R. Broussard Lumber Yard as the holder of a special privilege on certain immovable property owned by Reginald Wilson is also affirmed. Costs of this appeal are assessed to Reginald Wilson.
AFFIRMED.