CUTRER, Judge.
Plaintiff-appellant, Jake Spears instituted this action against Forrest P. Sanchez, and his liability insurer, Hartford Accident & Indemnity Company, defendants-appellees, in order to recover for property damage to his automobile. Following trial on the merits, judgment was rendered in favor of defendants-appellees, rejecting appellant’s demands. From this judgment, appellant now prosecutes this appeal.

Facts

The salient facts which gave rise to this action are as follows:
On September 11, 1966, at approximately 7:00 p. m., Spears drove his automobile, a 1957 Oldsmobile, into appellee’s service station which is located on Scenic Highway. While another employee put gas into the automobile, Albert Michael Beck, an attendant sixteen years of age, raised the hood and checked the water and oil. According to Beck’s testimony, he allegedly related to Spears that the rubber spacers along the edge of the hood were worn causing “play in the hood.” In contrast, appellant alleges that no such warning was given. Beck further testified that he slammed the hood several times “until it finally caught, and after it did catch, it still had up and down play in the hood.”
Spears left the service station and proceeded along Scenic Highway in a southerly direction until he reached the intersection of Scenic Highway and the expressway. He then entered the expressway and proceeded at a speed of 50 or 55 miles per hour until the hood suddenly flew open, causing damage which is stipulated to be in the amount of $125.32.
Appellant testified that he was not aware of any play in the hood at the time he left the service station. He further stated that he did not notice any rattling or vibration of the hood between the service station and the moment the accident occurred.
George Wilson, a qualified expert, testified that the locking mechanism was in working condition. However, when opened, the mechanism, because of an accumulation of grease and dirt, stuck and remained open. Mr. Wilson stated that slamming the hood, as the station attendant purportedly did, would release the mechanism and put it in place. Mr. Wilson found no damage to the safety catch, which is a separate mechanism. However, he stated that if the automobile was not properly aligned, the safety catch would not function properly.
Between the service station and the expressway, Spears crossed a railroad track and while on the expressway encountered the usual expansion joints. The expert testified that vibration of the automobile caused by crossing the railroad tracks or the expansion joints could cause the hood to *793 fly open if malaligned. The exact cause of the accident is a matter of conjecture.
ARGUMENT
Appellant cites the Civil Code articles dealing with the law of deposit and contends that the trial court erred in failing to apply these articles, and the presumptions arising therefrom, to the facts of this case. In support of the above contention, appellant relies upon the case of Kern v. Bumpas, La.App., 102 So.2d 263. In the Kern case, a three year old automobile was brought to a service station for an oil change. This having been accomplished, the automobile was driven some 25 miles when the engine became overheated and “froze.” It was discovered that the drain plug was missing and, as a result, the oil had drained out. The court applied the law of deposit and applied a presumption of negligence on the part of the service station. The Kern .decision is inapposite to and not controlling of the instant case. The automobile in the Kern case was delivered to the service station for the specific purpose of having the oil changed. In the case at hand, plaintiff did not deliver his car to the service station for repairs or servicing of the hood mechanism. He simply purchased gas and his oil and water were checked as an incident thereto. Certainly it is unreasonable to impose upon the service station, in such a case, the obligations arising out of the law of deposit. The service sought was not directly connected to the damage sustained. As counsel for appellee aptly observed "If the plaintiff had delivered the automobile to defendant for repairs to the hood locking mechanism and if, in connection with these repairs, the attendant had noticed or should have noticed that the ‘rubber stoppers’ were worn then it would be reasonable to require that the attendant notify the plaintiff of this condition and advise the plaintiff that the worn ‘stoppers’ might affect the locking mechanism.”
Any other result would dictate that the service station would virtually insure that every portion of the automobile with which it came in contact was in proper working condition. One example aptly illustrates the myriad duties with which a station would be burdened: Should service station attendants be held liable to automobile owners and presumably to third persons for the consequences of a blowout if a service station attendant fails to advise the owner that the tire is wearing thin?
Appellant’s contention that the service station is under a duty to apprise or warn the owner or operator of an automobile as to the existence of a dangerous defect in the hood is without merit. The general upkeep and maintenance of the automobile is the responsibility of the owner.
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed.
Affirmed.