LANDRY, Judge.
Defendant (Appellant) appeals the judgment of the trial court in favor of Plaintiff (Appellee) in the sum of $1,000.00, predicated on an oral contract pursuant to which Plaintiff sold Defendant a house and moved same onto a lot owned by Appellant. We affirm.
Appellant makes the following assignments of error: (1) Plaintiff failed to prove the existence of a contract; (2) Plaintiff failed to establish defendant’s acceptance of Plaintiff’s offer; (3) Plaintiff failed to deliver the house in good condition, and (4) the trial court improperly reopened the case for further testimony after both parties had rested.
It is undisputed that plaintiff and defendant discussed the sale of a frame residence which plaintiff was obligated to move off a highway right of way. Defendant acknowledged viewing the house while it was sitting on plaintiff’s truck. Subsequently the house was moved by plaintiff onto a lot owned by defendant and set upon concrete pillars. After the moving was accomplished, defendant refused to pay plaintiff the sum of $1,000.00. Defendant has never occupied the residence which has remained in the condition it was when placed upon his property.
In essence plaintiff testified that after viewing the house, defendant agreed to purchase same for the sum of $1,000.00 delivered on defendant’s lot. He also stated the shape of the house required removal of its front porch and one wall in order to transport the edifice over the highway. The material thus removed was placed in the house so that defendant could restore these features when the moving was complete. Plaintiff also testified that he accompanied defendant to a finance company where defendant signed a note and made arrangements to borrow the $1,000.00 needed to pay for the house. Plaintiff further testified that after the moving, the house was sound and in good condition when placed on defendant’s property.
In substance, defendant testified that both he and his wife inspected the house before it was moved. He stated he “did not exactly agree to buy it”, but conceded that he accompanied plaintiff to a finance company where he signed a note for $1,000.00 to obtain funds to pay for the house. He stated, however, that he did not unconditionally agree to the sale, but acknowledged that he agreed to buy the house if he was pleased with it after it was moved onto his property. He also testified that after the house was moved, he found out the porch was missing, one wall was out, windows were broken and some boards were loose. Upon noting the condition of the house, he refused to buy and has done nothing to the residence which still remains on his property.
Defendant’s wife, Julia Mae Barton, admitted having viewed the house with her husband before it was moved. She also conceded having gone to the finance company to sign the note with her husband. She also stated that after signing the note, she became displeased with a statement made by the finance company employee and declined to borrow the money. She also stated that when she saw the house after it was moved, it was “ramshackle”, and that was the reason she and her husband decided not to buy.
Two of plaintiff’s employees, Clay Bennett and Buck Kinchen, testified in effect that the house was relocated upon defendant’s property and was in good condition considering the age and nature of the dwelling.
Admittedly, the contract in question, being verbal and involving more than *717 $500.00, must be established by plaintiff by the testimony of at least one credible witness and other corroborating circumstances. LSA-C.C. art. 2277.
Under the circumstances, we find no error on the part of the trial court in determining that plaintiff met the requirements of Article 2277, above. Plaintiff testified to a verbal contract whereby defendant obligated himself to purchase the house “as is” after an inspection thereof, for the price of $1,000.00 which included removal of the building to defendant’s lot. Apparently the trial court considered defendant’s testimony and that of Mrs. Barton constituted the necessary corroboration, and with this factual finding we are in accord.
We likewise find no merit in Appellant’s contentions that plaintiff has failed to establish acceptance by Appellant, and that plaintiff failed to deliver the house in good condition as agreed. Both of these issues are purely factual in nature. The trial court which saw and heard the witnesses resolved these questions adversely to Appellant. Not only do we fail to find manifest error in these conclusions, but also we concur therein.
Equally without merit is the contention that after both plaintiff and defendant rested their respective cases, the trial court on its own motion continued the matter for further evidence. The record establishes that trial was held initially on March 17, 1970, on which occasion plaintiff, defendant and Mrs. Barton testified. Immediately following the testimony of these witnesses, the record bears the notation “Case held for further testimony.” The transcript is completely devoid of any notation or indication that either plaintiff or defendant rested their respective cases at this time. When trial resumed June 11, 1971, counsel for defendant (who was not defendant’s counsel on the initial hearing) entered “a general objection to the taken of this testimony and to the holding open of the case.”
We gather from the transcript that the case was held open by the trial court for the taking of further testimony by either litigant without objection by Appellant’s then counsel of record.
We are mindful of the rule announced in Poche v. Frazier, La.App., 232 So.2d 851, to the effect that after all litigants have rested, a trial court may not reopen a trial to take evidence of witnesses who were available and could have been produced on the first hearing. The rule in question is without application in this instance inasmuch as neither party rested his case and the matter was apparently held open for the taking of additional testimony with the mutual consent of all concerned.
The judgment of the trial court is affirmed at Appellant’s cost.
Affirmed.