308 So.2d 355 (1975)
Harold Roy OSBORN
v.
AETNA LIFE AND CASUALTY COMPANY et al.
No. 6618.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Rehearing Denied March 12, 1975.
Writ Refused May 16, 1975.
George L. Bilbe, New Orleans, for Harold Roy Osborn, plaintiff-appellant.
*356 Kenneth V. Faherty and Charles A. Boggs, Montgomery, Barnett, Brown & Read, New Orleans for Raybestos-Manhattan, Inc. and Zurich Ins. Co., defendants-appellees.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for Ronald Baudier and Aetna Cas. and Sur. Co., defendants-appellees.
James F. Holmes, Christovich & Kearney, New Orleans, for Bendix Corp., defendant-appellee.
Before BOUTALL, SCHOTT and MORIAL, JJ.
BOUTALL, Judge.
This is an action in tort in which Harold R. Osborn complains that an accident that occurred between his car and a truck, on August 8, 1972 was caused by brake failure due to the negligence of defendants. Plaintiff's complaint is that defendant Baudier failed to live up to his duty of repair and inspection of his automobile, and that the parts supplied by the other defendants were defective.
On August 5, 1972 plaintiff brought his car to Baudier, who owns a Texaco service station, complaining of brake failure, that his brake pedal went down to the floorboard, and asked that it be fixed as soon as possible. While Osborn was still present Baudier's mechanic diagnosed the problem as a bad master cylinder. Osborn was told that to replace the cylinder would cost about $50.00 and that he could have his car the next day. Osborn agreed to the repairs, the work was done and his wife picked up his car the next day. Plaintiff testified that he drove the car approximately 40 miles before the accident on August 8. Plaintiff further testified that the brakes worked in the proper fashion during that 40 miles.
The only testimony describing the accident was that of plaintiff. He stated that he was proceeding on Kabel Drive in New Orleans when he came to a stop sign. In applying his brakes at that stop sign plaintiff stated that the brakes worked fine. Osborn then proceeded across the intersection and noticed a truck some 150 to 180 feet away backing up in his direction. Osborn stated that he felt he had enough time to avoid any collision. At this point he claims his brakes completely failed and he crashed into the back of the truck. The police report shows that 30 feet of skid marks were left at the scene of the accident and plaintiff verified that fact.
Following the accident three expert witnesses examined Osborn's car. One witness, the city brake inspector, testified that the car's brakes were "mushy" but would probably hold if they were pumped several times. The other two witnesses examined the car more extensively. Mr. Casadaban testified that on first application of the brakes the rear wheels would hold, but the front wheels would still turn. On second application of the brakes the pedal rose from the floor and all the brakes held. This witness removed the wheels from Osborn's car and inspected the brakes themselves. He found that the brakes were in very poor condition and in need of repair, but stated that in his opinion they would still be able to stop the car. Mr. Casadaban also examined the master cylinder which was manufactured by defendant Bendix Corporation and placed in plaintiff's car by defendant Baudier. Casadaban found that the cylinder was working properly and had been installed properly. The other expert witness examined only the master cylinder and he also found it to be properly installed and without defect.
The trial judge in his written reasons for judgment made the following findings. The evidence conclusively showed that Raybestos-Manhattan, Inc. (the maker of the package the master cylinder came in) and Bendix Corporation were in no way negligent. In regard to Baudier and his insurer the judge felt that Osborn had failed to carry his burden of proof and we agree.
*357 Plaintiff further contends that Baudier was negligent because he did not inspect the actual brakes on Osborn's car and repair the entire system. It becomes apparent from the record that the master cylinder in Osborn's car could be changed without taking off the wheels and thus being forced to examine the brakes.
The trial judge found as a fact that Osborn bargained and paid for only the replacement of the master cylinder and not for a complete brake overhaul. He concluded that the defendant had done correctly all he was paid to do. He further found that there was a conflict between the testimony of Osborn as to how the accident occurred and the factual evidence. He concluded that Osborn did not experience the "complete brake failure" that he claimed, but the accident was caused by Osborn's negligence, probably from going too fast.
The record does not disclose any manifest error in the findings of the trial judge and particularly in his credibility call. While there is considerable conflicting evidence as to the extent of the repair requested, we cannot say that the trial judge erred in finding that the defendant accomplished all of the repairs contracted for and was not responsible for seeking out and repairing other hidden defects. Leathern v. Moore, 265 So.2d 270 (La.App. 1st Cir. 1972); Spears v. Sanchez, 207 So.2d 791 (La.App. 1st Cir. 1968).
In any event, we believe the second issue in this case is of more importance to its resolution and that is, that the collision was caused not by brake failure but by plaintiff's negligence. Despite plaintiff's complaint of complete brake failure there were skid marks at the scene demonstrating that the brakes had actually worked. The testimony of plaintiff's own expert is in conflict with plaintiff's complete brake failure. Under the facts of this case it is not reasonable to conclude that the brakes worked properly for the 40 or so miles driven by plaintiff since he got his automobile back up to within a few seconds and half a block from the collision where they completely failed.
For the foregoing reasons, we affirm the judgment appealed from at appellant's costs.
Affirmed.