417 So.2d 407 (1982)
Mrs. Edwina Deano, Widow of James T. HURSTON, Jr., Testamentary Executrix
v.
Charles A. HURSTON, et al.
No. 14915.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*408 Guy L. Deano and Edward Deano, Jr., Covington, for plaintiff, appellant.
William J. Jones, Jr., Covington, for defendants, appellees.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed from the dismissal of her suit alleging failure of consideration and the wrongful transfer of stock certificates.
The issues on appeal are proof of agreement under C.C. Art. 2277,[1] the court's finding of consideration, and the court's finding that there was a valid stock transfer.
We affirm.
Plaintiff's husband, James Hurston, Jr., her brother-in-law, Charles Hurston, and her father-in-law, James Hurston, Sr. formed Hurston's Pine Manor Motel and Restaurant, Inc.[2] in January, 1963. James Hurston, Jr., was the corporate secretary, and his father was the corporate president.
James Hurston, Jr., having marital difficulties and needing money, after finding that he had cancer, agreed to sell to Charles Hurston his shares of stock for $10,000.00 in cash, the assumption of James' half of an $18,000.00 obligation to their father, the assumption of the corporate liabilities and the continued support of James for the remainder of his life. The new stock certificates, transferring James' shares to Charles, were issued in October of 1966 and were signed by James Hurston, Jr., as secretary, and by his father.
Plaintiff, after her husband's death in 1970, alleged in this suit that the decedent received no consideration for his stock and that any transfers of shares that resulted were wrongful.
Plaintiff argues that the defendants did not adequately prove any agreement under Louisiana Civil Code Article 2277. However, a party to a lawsuit may serve as his own "credible witness." O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir. 1979). "Other corroborating circumstances" can be the testimony of a second witness. Dennis Miller Pest Controls, Inc. v. Wells, 320 So.2d 590 (La.App. 4th Cir. 1975), writ denied 323 So.2d 806 (La.1976); Rogers v. Barton, 264 So.2d 715 (La.App. 1st Cir. 1972).
Plaintiff disputes the trial court's finding of valid consideration. Charles Hurston testified that he paid the $18,000.00 debt, paid $10,000.00 in cash, to his brother and paid a weekly salary of $250.00 to James, Jr., until he died in 1970. The father testified he witnessed the transfer of some money. *409 There is no error in the finding that there was consideration.
Plaintiff's attack upon the proof of transfer of certificates is based upon her lack of knowledge thereof, an attack upon the father's credibility and alleged forgery.
There was evidence of marital difficulties between plaintiff and her husband near the time of transfer. This and the other circumstances explain the failure to tell her of the transfer, even after reconciliation.
Plaintiff argues that James Hurston, Sr. was not a disinterested witness. While the father's relation to Charles Hurston could diminish his credibility, the trial judge's finding of credibility is given great weight and we find no reason to disturb his decision.
Plaintiff's evidence of forgery of decedent's signature on the stock certificates was introduced by proffer, after defendant objected that plaintiff had not specifically pled fraud or forgery. However, in his reasons for judgment, the trial judge stated he had considered the evidence of forgery or fraud, in rendering his decision, because of the prohibition of replicatory pleadings in Louisiana Code of Civil Procedure Article 852[3] and Savoie v. Bills, 317 So.2d 249 (La.App. 3rd Cir. 1975).
The handwriting expert testified that the deceased's signature on the last three stock certificates[4] issued by the corporation was forged. However, the trial court chose to review this testimony with caution, since the expert was not aware of the decedent's physical problems at the time of the writing.
The trial judge must weigh the expert testimony in the same manner as other evidence, according to the expert's professional qualifications, experience, and the circumstances and materials on which the opinion was based. Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir. 1976). In light of the testimony of the decedent's father of the signing of the certificates and the testimony of the decedent's wife that the signatures appeared to be those of her husband, we cannot say that the trial court's finding was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The cancelled certificates were not introduced into evidence. Evidence of a valid transfer under La.R.S. 12:624(A),[5] is therefore lacking. However, the Uniform Stock Transfer Act's purpose is to protect third persons who give value upon the faith of the certificates. Noncompliance does not invalidate a transfer between the parties where valid consideration was given. Primeaux v. Libersat, 322 So.2d 147 (La.1975); Dardeau v. Fontenot, 326 So.2d 521 (La. App. 3rd Cir. 1976); Osborn v. Aetna Life and Casualty Company, 308 So.2d 355 (La. App. 4th Cir. 1975), writ denied 312 So.2d 340 (La.1975).
There is sufficient evidence that the decedent acquiesced in the stock transfer and voluntarily surrendered his shares.
*410 For these reasons, the judgment of the trial court is affirmed and costs are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] La.C.C. Art. 2277:

"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
[2] The name of that corporation has been changed to Hurston's, Inc.
[3] La.C.C.P. Art. 852:

"The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers. No replicatory pleadings shall be used and all new matter alleged in exceptions, contradictory motions, and answers, whether in a principal or incidental action, shall be considered denied or avoided."
[4] One of these stock certificates was never introduced into evidence and is not before this court. The other two stock certificates were those that effectively transferred the decedent's shares to his brother.
[5] La.R.S. 12:624 A:

"A. Title to a certificate and to the shares represented thereby can be transferred only:
(1) By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby, or
(2) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person."