Le BLANC, Judge.
This is a suit by Arthur Hall, owner of Hall’s Carpentry, against Ms. Myrtle Turner and H. Franklin to collect the balance allegedly owed under a construction contract with the defendants. The trial judge in City Court of Baton Rouge, without assigning written or oral reasons, found in favor of the plaintiff and against the defendant, H. Franklin. H. Franklin appeals assigning three errors. We reverse.
FACTS:
Plaintiff, Arthur Hall d/b/a Hall’s Carpentry, entered into a written contract with the defendant, Myrtle Turner, to do carpentry work on her home. The plaintiff and Ms. Turner agreed that the contract was orally modified to increase the contract price from $16,000.00 to $17,000.00. Plaintiff testified that Ms. Turner paid him $17,-686.00 for the job, but he seeks to recover an additional $1,814.00 which he claims is still owed to him by both defendants.
Judgment was rendered for $1,814.00 solely against the defendant, Mr. H. Franklin, on April 15, 1985.
Assignment of Error No. 1:
Franklin contends that the trial court erred in allowing parol evidence in the case when there was a written contract between the parties.
This assignment of error is without merit. Plaintiff did not seek to vary the contract but rather sought to show an oral modification thereof. Because a building contract need not be in writing, parol evidence is admissible between the parties to prove a subsequent verbal agreement or to modify or abrogate the written contract. Great Southern Homes, Inc. v. Holten, 460 So.2d 662 (La.App. 1st Cir.1984); writ denied, 462 So.2d 1250 (La.1985).
Assignment of Error No. 2:
Defendant claims that the trial court erred in finding that a third party can obligate himself to pay the debt of another without such agreement being in writing.
This assignment of error is without merit. For the following reasons, this court finds that the plaintiff failed to carry his burden of proving that a debt did in fact exist.
Assignment of Error No. 3:
Defendant contends that the trial court erred in finding that the plaintiff sustained his burden of proving that a debt existed. We agree.
La.Civ.Code art. 2232 (new art. 1831) provides that a party who demands performance of an obligation must prove the existence of the obligation. The proof must be by a preponderance of the evidence. La. Civ.Code art. 2277 (new art. 1846) requires that when a writing is not required by law, an oral contract, for a price or value in excess of five hundred dollars, must be proven by at least one witness and other corroborating circumstances.
*855 The contract or agreement in the instant case involves more than five hundred dollars; therefore, the plaintiff has the burden of proving the existence of the contracts by at least one credible witness and other corroborating circumstances. It has been established in Louisiana jurisprudence that a party to a lawsuit may serve as his own “credible witness”. Hurston v. Hurston, 417 So.2d 407 (La.App. 1st Cir. 1982). The corroborating circumstances may be “general” and need not prove every detail of the plaintiffs case. Hilliard v. Yarbrough, Jr., 488 So.2d 1038 (La.App. 2d Cir.1986). The critical issue is whether the ‘‘‘other circumstances” revealed in this record corroborate the testimony of Arthur Hall.
After a careful examination of the record, We fail to find the existence of any “other corroborating circumstances” to the extent that the requirement of La.Civ.Code art. 2277 was fulfilled.
The only other testimony in the record besides that of Mr. Hall, was the testimony of Ms. Turner. According to her testimony, Franklin had no authority to obligate her for any additional sums of money over that agreed to in the written contract.
Because the law requires that a verbal obligation in excess of $500.00 be proven by both one -credible witness and by other corroborating circumstances, a higher and more significant burden on the plaintiff, we reverse -the trial court and find that the plaintiff’s testimony, unaccompanied by corroborating circumstances, did not satisfy the burden of proof to uphold the existence of a verbal contract over $500.00.
All costs in this matter are to be paid by Arthur Hall, appellee.
REVERSED AND RENDERED.